*W. A. Porter*, for appellant.

---

MEREDITH *v.* REED.

DOMESTIC ANIMALS.—LIABILITY FOR INJURY DONE BY.—The owner of a domestic animal is bound to exercise ordinary care-to prevent injury being done by it to the personal property of another.

SAME.—The degree of care required to constitute "ordinary care" depends upon the character-and disposition of the animal.

APPEAL from the *Wayne* Common Pleas.

GREGORY, C. J.—*Meredith* sued *Reed* before a justice for an injury done by a stallion of the latter to the mare of the former, resulting in the death of the mare. Jury trial, verdict for the defendant; motion for a new trial overruled and judgment. The evidence is in the record. The facts are substantially as follows: In *May*, 1865, the defendant

owned a stallion, which had previously been let to mares, but, owing to the sickness of the owner, was not so let during the spring of 1865. | He was a gentle stallion, and had never been known by the owner to be guilty of any vicious acts. | Not being in use, he had been kept up in a stable for four or five months. He was secured in the stable by a strong halter and chain fastened through an iron ring in the manger. The stable door was securely fastened on the inside by a strong iron hasp, passed over a staple, and a piece of chain passed two or three times through the staple over the hasp, and the ends firmly tied together with a strong cord. It was also fastened on the outside by a piece of timber, one end of which was planted in the ground, while the other rested against the door. The horse was thus secured on the day and night the injury occurred. The gate of the inclosure surrounding the stable was shut and fastened as usual. About 11 o'clock that night the horse was found loose on the highway, and did the injury complained of. Early the following morning the outside gate was found open; the stable door was found open, with the log prop lying some distance to one side, and the chain which had been passed through the staple was gone, and the cord with which it had been tied was found cut and the pieces lying on the floor.

There are forty-two alleged errors assigned, but many of them are not, in our opinion, so presented as to entitle them to consideration in this court. So far as the substantial rights of the appellant are involved, all the questions properly presented resolve themselves into the inquiry as to the nature and extent of the liability of the owner of a domestic animal for injuries done by it to the personal property of another, disconnected from any trespass to real estate.

It is contended, on the one hand, that ordinary care was all the law required of the defendant in this case. On the other it is claimed that the utmost care was necessary to free him from liability. Ordinary care is all that the law

required in the case in judgment. What is ordinary care in some cases, would be carelessness in others. The law regards the circumstances surrounding each case, and the nature of the animal or machinery under control. Greater care is required to be taken of a stallion than of a mare; so in the management of a steam engine, greater care is necessary than in the use of a plow. Yet it is all ordinary care; such care as a prudent, careful man would take under like circumstances. The degree of care is always in proportion to the danger to be apprehended. The case at bar was properly sent to the jury, and the verdict is fully sustained by the evidence.

The judgment is affirmed, with costs.

*W. A. Bickle*, for appellant.

*J. P. Siddall* and *C. H. Burchenal*, for appellee.