No. 11,886.

STONE ET AL. *v.* KOPKA.

TRESPASS.—*Stock Running at Large.*—*Fencing.*—In the absence of an order
by the board of county commissioners permitting cattle to run at large,
the owner is liable for damages caused by any trespass they may com-
mit while so running at large, without reference to the quality of fenc-
ing through which they may pass, or whether they are breachy or ac-
customed to doing mischief.

From the Pulaski Circuit Court.

*J. C. Nye* and *J. Nye,* for appellants.

*N. L. Agnew* and — *Borders,* for appellee.

FRANKLIN, C.—Appellee sued appellants for permitting
their cattle, running at large, to trespass upon appellee's prem-
ises.   An issue was formed by a denial.   There was a trial
by a jury, a verdict returned for the plaintiff for $15, judg-
ment was rendered upon the verdict, and a motion for a new
trial was overruled.

The only error assigned is the overruling of the motion for
a new trial.   The reasons stated for a new trial are, the ver-
dict is not sustained by the evidence, and is contrary to law,
and error of the court in refusing to admit certain testimony.

The evidence sustains the verdict, and it is not contrary to
law.

Appellants on the trial offered to prove by one Jones that
the said cattle of defendants were not, at the time of said
trespass, "breachy or accustomed to do mischief, such as that
charged in the complaint."

The issue was whether the cattle committed the trespass,
and not whether they were breachy or accustomed to do mis-
chief.   All breachy stock has a beginning to be breachy, and
the fact that this stock had not been breachy theretofore, fur-
nished no evidence that they did not commit the breach al-
leged, as against undisputed evidence that they did commit
the alleged trespass.   Good character is no defence against
positive, undisputed evidence of guilt.   But while the first

and second specifications of error are not insisted upon by appellants in their brief, under the third specification it is claimed that said evidence was admissible, for the reason that it tended to show that appellee's fence, where the cattle entered his premises, was bad, and not sufficient to turn stock. As to whether the fence was bad was an immaterial issue, not embraced in the pleadings.

There is nothing in the pleadings or evidence showing that the board of commissioners of said county had passed any order allowing such animals to run at large in that vicinity, as is provided for by the 2637th section, R. S. 1881. In the absence of such order, every owner is required to fence in his own stock, and he is not bound to fence out other stock. *Indianapolis, etc., R. R. Co.* v. *Harter,* 38 Ind. 557 ; *Jeffersonville, etc., R. R. Co.* v. *Huber,* 42 Ind. 173 ; *Jeffersonville, etc., R. R. Co.* v. *Adams,* 43 Ind. 402 ; *Pittsburgh, etc., R. W. Co.* v. *Stuart,* 71 Ind. 500.

It is only in cases where the county board has entered of record an order allowing such animals to run at large that the plaintiff, for a trespass committed by them, is required to prove that his fence through which they entered was such as good husbandmen generally keep. *Hinshaw* v. *Gilpin,* 64 Ind. 116. In the absence of such an order, the owner of animals, permitting them to run at large, is liable for the damages caused by any trespass that they may commit while so running at large, without reference to what kind of a fence they may have broken through, or whether they passed through any fence at all. Hence, in this case, the quality of the fence could make no difference, and it was immaterial whether the cattle were breachy or not. There was no error in excluding this evidence, nor in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Feb. 12, 1885.