Clore *v.* McIntire, Administrator.

No. 13,868.

## CLORE *v.* McINTIRE, ADMINISTRATOR.

DAMAGES.— *Wrongful Death.*—*Action by Administrator.*—*Next of Kin.*—*Complaint.*—Where a complaint for damages resulting from the death of a person by the wrongful act of another, judged by its general scope and tenor, shows that the deceased left next of kin, and that the action is prosecuted by an administrator in his representative capacity, it is sufficient if it states a cause of action in his favor in that capacity, although some persons are described as next of kin who are not such.

SAME.—*Driving Vicious Stallion into Crowd.*—*Liability for Injury.*—One who drives a vicious and unmanageable stallion into a crowd of vehicles, standing in a place set apart for them, away from the travelled road, at an agricultural fair where there is a great gathering of people, and, knowing the vicious disposition of the horse, strikes him with a whip, thereby causing him to leap on a wagon and injure an occupant thereof, is liable for damages.

INSTRUCTIONS TO JURY.—*Refusal to Give.*—*Supreme Court.*—Where neither the evidence adduced nor the instructions given by the court are in the record, a ruling refusing to give instructions asked will not be considered on appeal.

From the Parke Circuit Court.

*T. F. Davidson, F. M. Dice, M. D. White* and *W. S. Moffett,* for appellant.

*G. W. Paul, J. E. Humphries, W. H. Thompson* and *J. West,* for appellee.

ELLIOTT, C. J.—The appellee describes himself in his complaint as the administrator of the estate of Rhoda McIntire, deceased, and avers that he was appointed on the 22d day of October, 1886. He also avers that Rhoda McIntire died intestate, leaving surviving her four children, George, Sallie, Lenora, and Harmon, and her husband, and that they are the next of kin and only heirs of the deceased. The facts pleaded as the cause of action, shortly stated, are these :

The appellee, his wife, Rhoda McIntire, and their children were attending an agricultural fair, and were sitting in

Clore *v.* McIntire, Administrator.

their vehicle, which was standing at a place set apart for vehicles, and away from the travelled ways of the fair ground; there were twenty thousand persons on the ground, and a great number of vehicles; the defendant wrongfully drove a large, unbroken, and unmanageable stallion, wild and vicious in disposition, through the fair, well knowing the disposition of the horse; while driving the stallion, and when passing the vehicle in which the deceased and her family were sitting, the defendant well knowing the danger of bringing an unmanageable and vicious stallion among the persons and vehicles on the ground, struck the animal with a whip, causing it to rear, kick, and jump; while the horse was jumping and kicking it leaped on the wagon where the deceased was sitting, overturned it, and the deceased was thrown to the ground and so bruised and wounded that she became ill, and so continued until she died. Her death resulted from the injury caused by the defendant's horse leaping on the wagon.

It is directly averred that the death of Rhoda McIntire was caused solely by the wrongful and negligent act of the defendant, and without fault on her part or that of the appellee.

The general frame and tenor of the complaint, as well as the material specific averments, require us to adjudge that this action is prosecuted by the appellee in his representative character, and not in his individual capacity. The fact that he was appointed administrator is well pleaded. He describes himself as administrator, and gives the names and ages of the children of his intestate. It is true, that in the conclusion of his complaint, he avers that " by the death of Rhoda McIntire he is damaged in the sum of ten thousand dollars;" but this can not be allowed to carry us to the conclusion that he sues in his individual capacity. Pleadings are not to be judged from general statements, or detached sentences, but from their general scope and tenor; and, so judging the pleading before us, it can not be construed as founded on a cause of action in favor of the husband. In construing the

complaint as one prosecuted by an administrator in his representative capacity, we do not, indeed, do any violence to the words we have quoted, for the just construction is, that they mean that the plaintiff as administrator was injured in the sum named.

As the recovery sought is by the appellee in his representative capacity, it is sufficient if the complaint shows a cause of action in him in that capacity. Hence, the question here is, not whether the husband is next of kin, but whether the case made is one in which an administrator can recover. If some persons are named who are not next of kin, and others are named who are next of kin, a right of action is shown in the administrator. It is not the next of kin who sue, although they may eventually be the beneficiaries; but it is the administrator, and there is, therefore, only one plaintiff. If there is a right of action in him, it can make no difference that some persons are erroneously described as next of kin. The fallacy of the appellant's argument lies in the initial proposition, implied, rather than stated, that the action is by several persons. As the action is by one person, the administrator, the complaint is good, if it shows a case entitling him to sue.

We are not concerned with the question as to who is entitled to the amount recovered, for the question immediately under discussion is, can the administrator maintain the action? Nor are we required to ascertain whether all the persons named are or are not next of kin, within the meaning of the law; for, if some are, the administrator may sue, so that we need not inquire or decide whether the husband is or is not next of kin within the meaning of the statute.

The law implies that some loss was suffered by the next of kin from the death of Rhoda McIntire. *Louisville, etc., R. W. Co.* v. *Buck,* 116 Ind. 566; *Board, etc.,* v. *Legg,* 93 Ind. 523. As there was, presumptively, some injury, the appellee, as administrator, has a right to prosecute this action. The question on the complaint is not as to the meas-

ure of recovery, but whether there can be any recovery at all.

We are far within the rule declared by our own and by other cases in holding, as we do, that the action is by the administrator in his representative character, and that the allegations of the complaint sufficiently show that the deceased left next of kin for whose benefit the administrator is entitled to sue under our statute. *Jeffersonville, etc., R. R. Co.* v. *Hendricks*, 41 Ind. 48; *Harper* v. *Norfolk, etc., R. R. Co.*, 36 Fed. Rep. 102; *Baltimore, etc., R. R. Co.* v. *Wightman*, 29 Gratt. 431.

The facts pleaded establish an actionable wrong. It can not be doubted that one who drives a vicious, unbroken, and unmanageable stallion among a crowd of vehicles standing in a place set apart for them, and away from the travelled road, at a great gathering of people, commits an actionable tort. If the appellant had kept the vicious animal on the roadways, there might possibly be some doubt as to his liability; but this he did not do, for he drove it in among vehicles standing in a place set apart for them, and distant from the roads intended for travel, and there can be no doubt as to his liability. Striking the vicious animal with a whip in such a place was a tortious act; for, knowing its disposition, he was bound to anticipate that injury might result to the occupants of the vehicles standing near by, and it was not necessary, to fix a liability upon him, that he should have anticipated the nature of the particular injury which actually resulted. The principle upon which we proceed is a very old one, and is illustrated by many cases. *Michael* v. *Alestree*, 2 Levinz, 172; *Dickson* v. *McCoy*, 39 N. Y. 400; *McIlvaine* v. *Lantz*, 100 Pa. St. 586; *Meredith* v. *Reed*, 26 Ind. 334; *Billman* v. *Indianapolis, etc., R. R. Co.*, 76 Ind. 166; *Louisville, etc., R. W. Co.* v. *Wood*, 113 Ind. 544, 566.

The instructions given by the court are not in the record, nor is the evidence, and we can not consider any questions

upon the ruling refusing instructions. *Puett* v. *Beard*, 86 Ind. 104; *Bowen* v. *Pollard*, 71 Ind. 177.

In the absence of the evidence and the instructions, we can not consider the motion to modify the judgment, for the presumption is that the trial court did its duty and tried the case upon the proper theory upon the question of damages, as well as upon all other questions.

Judgment affirmed.

Filed Oct. 8, 1889.