Filed Oct. 29, 1890.

---

No. 14,446.

## KLENBERG v. RUSSELL.

ANIMAL.—*Running at Large.—Action for Personal Injuries.—Vicious Disposition of Animal.—Complaint.—What it Must Aver.*—In an action to recover damages for personal injuries sustained by the plaintiff by being attacked by a cow belonging to the defendant, which he permitted to run at large, a complaint is defective that fails to allege that the animal possessed a vicious disposition, or propensity, which inclined it to attack mankind. Without such allegation there is necessarily no charge that the defendant had notice of any such evil disposition. And as the wilful conduct of the animal in attacking the plaintiff was not such as the defendant had a right to expect, or might anticipate, he is not responsible for the injury caused by such unexpected and wilful conduct.

SAME.—*Owner of Domestic Animal.—Duty of to Keep Confined.—Failure to Do So.—When Liable for Damages.*—The common law is in force in this State, except so far as domestic animals are permitted to run at large by the board of commissioners, as provided in section 2637, R. S. 1881, and it therefore becomes the duty of the owner to keep them confined to his own premises. The owner of a domestic animal, however, is not liable because of a negligent failure to keep it confined on his own premises,

except for the consequences which may be anticipated because of its well-known disposition and habits, unless it is possessed of a vicious disposition, of which he had notice.

From the Switzerland Circuit Court.

*W. A. Johnston* and *L. O. Schroeder,* for appellant.

*W. D. Ward, J. A. Van Osdol* and *G. S. Pleasants,* for appellee.

BERKSHIRE, C. J.—This action was instituted by the appellee to recover damages for an injury to her person which she alleged she had suffered because of the negligence of the appellant. Originally there were two paragraphs in the complaint, and two parties defendant to the action, but upon the trial the cause was dismissed as to Mrs. Klenberg, and the first paragraph of complaint withdrawn.

The appellant filed a demurrer to the second paragraph of complaint, and the ruling of the court being adverse to him he saved an exception and filed an answer in general denial.

The cause was tried by a jury who returned a verdict for the appellee.

The appellant filed his written motion for a new trial, which the court overruled, and he reserved an exception; thereupon the court gave judgment for the appellee.

There are but two errors assigned, which are as follows: 1. The court erred in overruling the demurrer to the complaint. 2. It erred in overruling the motion for a new trial.

The principal question, and the only one that we need consider, is the propriety of the court's action in overruling the demurrer to the complaint. The averments in the complaint in brief are, that the appellee and appellant resided in the city of Vevay, in this State; that the appellant was the owner of a certain cow which he permitted to roam through and along the streets of said city at will, and pasture upon the public commons therein; that during the time said animal was so allowed to run at large in said city, there was in existence no order of the board of commissioners of Switz-

erland county allowing cows to run at large or pasture upon the public commons; that while thus at large and roaming about in said city said animal attacked the appellee, and with her horns, and otherwise, seriously injured the person of the appellee.

The complaint contains a good averment as to the absence of contributory negligence on her part, but it contains no allegation that the animal possessed a vicious disposition or propensity which inclined it to attack mankind.

Our own cases hold that the common law is in force in this State, except so far as domestic animals are permitted to run at large by the board of commissioners, as provided in section 2637, R. S. 1881, and, therefore, it becomes the duty of the owner to keep them confined to his own premises. *Stone* v. *Kopka,* 100 Ind. 458; *Cincinnati, etc., R. W. Co.* v. *Hiltzhauer,* 99 Ind. 486; *Lyons* v. *Terre Haute, etc., R. R. Co.,* 101 Ind. 419; *Cincinnati, etc., R. R. Co.* v. *Street,* 50 Ind. 225; *Jeffersonville, etc., R. R. Co.* v. *Underhill,* 48 Ind. 389; *Jeffersonville, etc., R. R. Co.* v. *Adams,* 43 Ind. 402; *Indianapolis, etc., R. R. Co.* v. *Harter,* 38 Ind. 557; *Lafayette, etc., R. R. Co.* v. *Shriner,* 6 Ind. 141; *Williams* v. *New Albany, etc., R. R. Co.,* 5 Ind. 111.

It is the duty of the owner of domestic animals to fence them in where they are such as can be fenced against, and not the duty of his neighbors to fence them out; but it does not necessarily follow that the owners of domestic animals suffered to run at large, or to trespass upon the lands of others, are thereby rendered responsible for all injurious acts committed by such animals while away from the premises of the owner.

In *Fletcher* v. *Rylands,* an English case found in Thompson Law of Negligence, on page 1 (but see p. 26), it is said: " The law as to them (speaking of cattle) seems to be perfectly settled from early times; the owner must keep them in at his peril, or he will be answerable for the natural consequences of their escape,—that is with regard to tame

beasts, for the grass they eat and trample upon, though not for any injury to the person of others, for our ancestors have settled that it is not the general nature of horses to kick, or bulls to gore." And all of the authorities seem to agree that the owner of a domestic animal is not liable because of a negligent failure to keep it confined on his own premises, except for the consequences which may be anticipated because of its well-known disposition and habits, unless it is possessed of a vicious disposition of which he had notice. In *Losee* v. *Buchanan*, 51 N. Y. 476 (but see Thompson Law of Negligence, p. 52), it is said: "As to the former (speaking of domestic animals), the owner is not responsible for such injuries as they are not accustomed to do, by the exercise of vicious propensities which they do not usually have, unless it can be shown that he has knowledge of the vicious habit and propensity. As to all animals, the owner can usually restrain and keep them under control, and if he will keep them he must do so. If he does not, he is responsible for any damage which their well-known disposition leads them to commit. I believe the liability to be based upon the fault which the law attributes to him, and no further actual negligence need be proved than the fact that they are at large unrestrained."

We believe the foregoing to be a correct statement of the law in such cases. *Earl* v. *Van Alstine*, 8 Barb. 630; *Van Leuven* v. *Lyke*, 1 N. Y. 515; *Vrooman* v. *Lawyer*, 13 Johns. 339; Thompson Law of Neg., section 15, p. 201; Thompson Law of Neg., section 26, p. 209; *Durham* v. *Musselman*, 2 Blackf. 96; Thompson Law of Neg., section 10, p. 389; *Sinram* v. *Pittsburgh, etc., R. W. Co.*, 28 Ind. 244; *Smith* v. *Causey*, 22 Ala. 568; *Wormley* v. *Gregg*, 65 Ill. 251; *Dearth* v. *Baker*, 22 Wis. 73.

In S. & R. Law of Neg., section 629, it is said: "But the owner of creatures which as a species are harmless and domesticated, and are kept for convenience or use, such as dogs, cattle, horses, and even bees, is not liable for injuries

wilfully committed by them, unless he is proved to have had notice of the inclination of the particular animals complained of to commit such injuries. If, having had such notice, he neglects to keep them confined where no one can suffer from them while using ordinary care, he is liable for all injuries committed by them. And the owner of even a wild beast is not liable for injuries caused by it in a manner which no acquaintance with its nature could have led him to expect, except upon similar evidence of notice."

As the complaint fails to allege that the cow had an evil disposition, such as would lead her to attack human beings, necessarily there is no charge that the appellant had notice of any such evil disposition. And as the wilful conduct of the animal in attacking the appellee was not such as the appellant had a right to expect or might anticipate, he is not responsible for the injury caused by such unexpected and wilful conduct.

In Cooley Torts, at page 403, it is said: " But there are other mischiefs which may be committed by domestic animals that one is under no obligation to anticipate and guard against, because they are not the result of a general propensity, but are committed, if at all, by exceptionally vicious individuals of the particular species of animals. Thus, though every horse will roam into neighboring fields if not restrained from doing so, it is only in rare and exceptional cases that a horse will attack and injure those who come near him. Therefore, while the owner should anticipate and protect against trespass on lands by his horses, he is under no moral obligation to anticipate that a horse in which no such disposition has been discovered will suddenly make an assault upon and kick and bite some passer-by who chances to come within his reach. For this reason the keeper of a domestic animal is not in general responsible for any mischief that may be done by such animal which was of a kind not to be expected from him, and which it

would not be negligence in the keeper to fail to guard against."

It seems to be clear that the court erred in overruling the demurrer to the complaint.

Judgment reversed, with costs.

Filed Oct. 29, 1890.