## ANDERSON *v.* NESBITT.

[No. 6,474. Filed May 25, 1909.]

1. ANIMALS.— *Running at Large.— Boards of Commissioners.— Powers.*—The common law, requiring owners of domestic animals to keep the same upon their own premises, is in force in Indiana, except as modified by §3242 Burns 1908, §2637 R. S. 1881, empowering boards of commissioners in their discretion to permit them to run at large. p. 705.

2. ANIMALS.—*Trespass.—Damages.*—The owners of trespassing animals, negligently permitted to escape, are liable only for the

damages which could reasonably be anticipated by reason of their known propensities. p. 705.

3. HIGHWAYS.—*Obstructions.*—*Liability.*—One who places an obstruction, or wrongfully suffers one to remain, in a public highway, which is calculated to frighten horses of ordinary gentleness, is liable for the resulting damages. p. 706.

4. ANIMALS.—*Cattle.*—*Causing Fright of Horse.*—*Damages.*—The owner of trespassing cattle which are merely grazing along the public highway, is not liable for damages resulting from the fright of a horse thereat. p. 706.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by John T. Anderson against Darius Nesbitt. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*G. A. Henry,* for appellant.

*Brownlee & Browne,* for appellee.

WATSON, J.—This action was brought by the appellant against the appellee to recover for injuries alleged to have been suffered by him on account of appellee's carelessness and negligence in permitting his cows to run at large on the public highway, which caused appellant's horse to take fright, leap over a hedge fence at the side of the road, and throw appellant out of his buggy and injure him. The complaint avers: "That on or about May 2, 1906, the plaintiff, while in the exercise of due care, was driving in a buggy, drawn by a horse of ordinary gentleness, on and along a certain public highway in said county, and that while so driving on said highway, with all reasonable care, his said horse became frightened at some cows, at that time unlawfully in said highway, which were the property of said defendant, who had wrongfully and carelessly permitted them to be in said highway and to roam at large and pasture therein; that, by reason of said fright, the plaintiff's horse became suddenly unmanageable, sprang to the side of said highway and against and over a hedge fence at the side thereof, dragged said buggy over said hedge, throwing the plain-

tiff out of said buggy, and causing him to fall violently upon the ground, thereby seriously bruising, wounding and otherwise injuring plaintiff," etc. Appellee filed a demurrer to said complaint, which was sustained, and, the appellant refusing to plead further, the court rendered judgment for appellee, from which this appeal is prosecuted.

At common law domestic animals were not permitted to run at large, and this law is in force in our State, unless abrogated by an order of the board of commissioners

1. of the county, by virtue of the authority given it under §3242 Burns 1908, §2637 R. S. 1881, and in the absence of any order as thus provided, it is the duty of the owners of such animals to keep them confined within their own premises.

In the case of *Klenberg* v. *Russell* (1890), 125 Ind. 531, the court said: "It is the duty of the owner of domestic animals to fence them in where they are such as can be fenced against, and not the duty of his neighbors to fence them out; but it does not necessarily follow that the owners of domestic animals suffered to run at large, or to trespass

2. upon the lands of others, are thereby rendered responsible for all injurious acts committed by such animals while away from the premises of the owner. * * * And all of the authorities seem to agree that the owner of a domestic animal is not liable because of a negligent failure to keep it confined on his own premises, except for the consequences which may be anticipated because of its well-known disposition and habits, unless it is possessed of a vicious disposition of which he had notice."

"The law as to them [speaking of cattle] seems to be perfectly settled from early times: the owner must keep them in at his peril, or he will be answerable for the natural consequences of their escape,—that is, with regard to tame beasts, for the grass they eat and trample upon, though not for any injury to the person of others, for our ancestors have

settled that it is not the general nature of horses to kick, or bulls to gore." 1 Thompson, Negligence, 26.

It is true, as appellant contends, that the question involved in the case of *Klenberg* v. *Russell, supra,* was not the negligence in permitting domestic animals to run at large, or the unlawful obstruction of the highway, but the vicious propensities and attack of an animal of which the plaintiff, in that case, complained. It is also true that in several states where domestic animals are governed by the common-law rule, and are negligently permitted to run at large upon the public highways, they thereby become a nuisance, and damages, if any, which flow from their unlawfully being upon the public highway, must be responded to by the owner thereof.

It is likewise true that the courts of our State have held that, where a highway was unlawfully obstructed by placing an object thereon which caused a traveler's horse to 3. become frightened and unmanageable and the driver to be injured, the party guilty of thus obstructing the public highway was liable, and would be required to answer in damages. It is equally well settled that one who negligently, or without right, places an object upon a public highway, which is naturally calculated to frighten a horse of ordinary gentleness, or who wrongfully suffers such an object to remain thereon for an unreasonable time and the same becomes a nuisance, and a horse of ordinary gentleness which is being driven upon the highway becomes frightened and injury results to the user thereof, is liable to the person suffering such injury. *Town of Rushville* v. *Adams* (1886), 107 Ind. 475, 57 Am. Rep. 124; *Turner* v. *Buchanan* (1882), 82 Ind. 147, 42 Am. Rep. 485; *Cleveland, etc., R. Co.* v. *Wynant* (1887), 114 Ind. 525, 5 Am. St. 644.

No fixed rule can be stated which will serve as a guide in cases involving the frightening of horses. It is known to every farmer and lover of horses who is possessed of 4. common, ordinary intelligence that objects that may frighten one horse of ordinary gentleness, so that it

may become unmanageable, may not disturb or frighten others.

It is also true that horses and cattle roam together in the same pasture fields; that horses driven upon public highways frequently see cattle by the roadside in fields, and it is not extraordinary or unusual for a horse to come in view of cattle, and a horse of ordinary gentleness will not take fright and become unmanageable at the sight of cattle grazing, wherever seen. The mere fact that a domestic animal, as a cow or a horse, being in the public highway, in the manner as alleged the cattle were in the case at bar, cannot be regarded as wrongful, so as thereby to render the owner liable for the injurious consequences that might accidentally flow therefrom. Something more must exist than running at large and grazing on the public highway in order to predicate fault in the owner that will render him liable. There might, however, be times when an owner would be liable, and would be required to respond in damages for permitting animals to run at large upon the public highway: for instance, if the owner should permit his cattle to graze upon the public highway at night-time, and they should go on the beaten path of the road, and thus obstruct the same, and a party should drive upon them, receiving injury, the owner might, under all the circumstances, be liable. This, however, would be a question for the jury. Or should horses be permitted to run at large, in the absence of an order of the board of commissioners, and they, by running and playing around the traveler's horse upon a public highway, frighten it so that it becomes unmanageable and the party is injured, the owner of the horses, under all the circumstances, might be liable. This would be a question for the jury.

In the case of *Cleveland, etc., R. Co.* v. *Wynant, supra,* the court said: "The mere fact that an object is in the highway, in violation of a statute, does not necessarily make the owner liable for damages resulting from fright which the object

may have occasioned to horses. There must have been some natural, causative connection between the violation of the statute and the frightening of the horses. The object, in the situation in which it was left, must have had a necessary or natural tendency to that end, according to common experience. A cow or a sheep may be upon a public highway in violation of a statute, and a horse of ordinary gentleness may take fright at such an animal. The frightening of horses was not, however, the mischief which the statute requiring certain animals to be restrained from running at large was intended to prevent. The injury must in each case be, proximately, such as was within the purpose and protection of the statute. *Wabash, etc., R. Co.* v. *Locke* [1887], 112 Ind. 404.'' The averments of the complaint in the case at bar are that the cows were negligently permitted to run at large on the public highway, and the negligence consisted in their being at large, in the absence of an order made by the commissioners of the county, and nothing more. There is no averment that the owner of the cows did anything more than to permit them to run at large on the public highway, or that it was in the night-time when the accident occurred and the cows had so obstructed the beaten part of the highway that a horse of ordinary gentleness might take fright at same, or any averment that would require the cause to be submitted to a jury. We can therefore say, as a matter of law, that appellee was not guilty of such negligence as will make him liable in damages to the appellant on account of his horse's taking fright at the cattle upon the public highway. We find no reversible error.

Judgment affirmed.