## COOK v. ORMSBY ET AL.

[No. 6,505. Filed October 27, 1909. Rehearing denied January 28, 1910. Transfer denied February 16, 1910.]

1. MASTER AND SERVANT.—*Factory Act.—Dangerous Machinery.— Failure to Guard.—Negligence.*—The master's failure to guard dangerous machinery, where it is possible to do so, constitutes negligence *per se.* p. 354.

2. MASTER AND SERVANT.—*Factory Act.—Common Law.*—Section 8029 Burns 1908, Acts 1899, p. 231, §9, compelling employers to guard dangerous machinery extends the common law duty of masters as to furnishing safe places, works and machinery. p. 354.

3. MASTER AND SERVANT.— *Factory Act.— Unguarded Saw.— Acts of Fellow Servant.—Complaint.*—A complaint alleging that defendants instructed the plaintiff to work at an unguarded saw, that such saw could have been guarded without impairing its usefulness, that a fellow servant pushed or pinched him, causing him involuntarily to thrust his hand into such saw, to his injury, states a cause of action. p. 355.

4. MASTER AND SERVANT.—*Factory Act.—Negligence.—Concurrent Proximate Causes.*—Where a master's negligence concurs with a fellow servant's in producing an injury to another servant, such master is liable. p. 355.

5. NEGLIGENCE.—*Proximate Cause.—Anticipation of Injury.*—To constitute actionable negligence it is not necessary that defendant should have anticipated the precise injury occasioned by the negligent act. p. 356.

From Tippecanoe Circuit Court; *Richard P. De Hart,* Judge.

Action by Louis Cook against John Ormsby and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Boulden & Boulden, Hanna & Hall* and *Wilson & Quinn,* for appellant.

*Stuart, Hammond & Simms* and *Miller, Shirley & Miller,* for appellees.

MYERS, J.—Appellant in his complaint alleged that on March 28, 1904, appellees were engaged in business as part-

ners under the firm name of the "Western Hoop Company," and were then engaged in operating a mill and machinery in the manufacture of hoops and lumber at the town of Ockley; that on said day appellant was in the employ of appellees, and under the orders and directions of the latter was engaged in operating an edging saw and machinery by running plank and other lumber against said saw, which was about eighteen inches in diameter, set in a frame constructed of wood, with a movable track attached, and used for the purpose of stripping off the bark and straightening the edges of the lumber there used in said manufacturing plant; that prior to the day of the accident, and on the forenoon of that day, appellant was engaged at other labor in and about said factory, and had no knowledge or experience in the operation of said saw, nor of the attending danger in its operation without a proper guard, all of which the appellees at the time well knew; "that said saw could have been guarded and made absolutely safe without impairing its usefulness for the purpose for which it was intended;" that appellees carelessly and negligently ran said saw with which appellant so worked without providing any proper guard around and over it, and failed to provide any means whatever to protect appellant from coming in direct contact with such saw while so operating it; that appellees knew that said saw at that time had no guard or other device for the protection of the operator; that on said March 29, having full knowledge of the facts aforesaid, appellees ordered and required appellant to quit his other labors in said factory and to operate said saw as aforesaid, which orders he then and there obeyed, and while thus engaged in the discharge of his duties, and without fault or negligence on his part, and while in the act of pushing a board through said saw to take off the rough edges thereof, and while his attention was wholly and completely directed to said work, one of appellees' employes sud-

denly and without warning to the appellant pinched or pushed him from behind, causing him involuntarily to start and thrust his hand forward into said saw, and in consequence of appellee's negligence, as aforesaid, and by reason of the unprotected and unsafe condition of appellee's said saw, as aforesaid, appellant's right hand, wrist and arm came in contact with said saw and were injured; that said injuries were occasioned by the carelessness and negligence of the appellees, as aforesaid, and without any fault or negligence on the part of appellant.

To this complaint, which was in one paragraph, a demurrer for want of facts was sustained. Appellant refused to plead further, and judgment was rendered against him and in favor of appellees for costs.

Does the complaint, the substance of which we have given, state a cause of action? The statute (§8029 Burns 1908, Acts 1899, p. 231, §9) makes it the duty of the 1. owner of any manufacturing establishment properly to guard all saws therein while they are in use, and the failure of such owner to obey this statutory mandate, when possible so to do, ordinarily will be regarded as negligence *per se*. *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413; *Evansville Hoop, etc., Co.* v. *Bailey* (1909), 43 Ind. App. 153; *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599; *Nickey* v. *Dougan* (1905), 34 Ind. App. 601. It has been held that this statute extends the common-law duty of persons operating manufactur- 2. ing plants as to furnishing safe place, works and machinery for their employes (*Bessler* v. *Laughlin* [1907], 168 Ind. 38; *Robbins* v. *Fort Wayne Iron, etc., Co.* [1908], 41 Ind. App. 557), its purpose being to minimize the danger in the use of dangerous machinery in such plants. In the case before us, the saw was unguarded. It could have been guarded without rendering it useless for the purposes intended. While appellant was engaged in the work assigned to him his hand came in contact with said saw and

was severely injured.  It is argued that the unguarded saw was not, and that the act of a fellow servant in pinching appellant was, the proximate cause of the injury.

3.

The complaint shows that appellees disregarded a statutory duty owing by them to the appellant, which omission, under the decided cases in this State, constituted negligence.  The alleged act of appellant's fellow servant, as a matter of law, might or might not be considered negligence, for from that act the injury complained of did not necessarily follow.  The question might be made to depend upon the facts and circumstances existing at the time the act was committed.  But if it be conceded that the act was a negligent one, in that it caused appellant involuntarily to thrust his hand against an unguarded saw, we fail to see how it would furnish an excuse for appellees' neglect to discharge their statutory duty toward appellant.  It is said that the injury was the natural sequence of the pinching—the act of a responsible agent—and without which the accident would not have happened.  On the other hand, it is certainly true that had the saw been properly guarded the injury would have been avoided, for, without the negligence of appellees the accident would not have occurred.  Therefore, whether the negligence of appellees directly produced or concurred directly in producing the injury can

4.

make no difference, as in either case the negligence of appellees will be regarded as a proximate cause of the injury.  Bessler v. Laughlin, supra; Tucker & Dorsey Mfg. Co. v. Staley (1907), 40 Ind. App. 63; Rogers v. Leyden (1891), 127 Ind. 50; Louisville, etc., R. Co. v. Heck (1898), 151 Ind. 292; Espenlaub v. Ellis (1904), 34 Ind. App. 163; Hancock v. Keene (1892), 5 Ind. App. 408; Coppins v. New York, etc., R. Co. (1890), 122 N. Y. 557, 25 N. E. 915, 19 Am. St. 523; Seigel, Cooper & Co. v. Trcka (1905), 218 Ill. 559, 75 N. E. 1053, 2 L. R. A. (N. S.) 647, 109 Am. St. 302; Baltimore, etc., R. Co. v. State, ex rel. (1871), 33 Md. 542; Board, etc., v. Mutchler

(1894), 137 Ind. 140. Appellees, under the pleaded facts, were clearly negligent, and must be held responsible for injuries proximately resulting from such negligence, the injured party himself being without fault.

"It is not essential that the identical or precise injury sustained by appellant should have been expected or anticipated by appellee as the result of its negligent act. It, by the exercise of reasonable care, might have foreseen or anticipated that from the negligent breach of its statutory duty it was probable that injury of some kind might result to its employes engaged in operating the saw." *Davis* v. *Mercer Lumber Co., supra.* The opinions in the cases of *Coy* v. *Indianapolis Gas Co.* (1897), 146 Ind. 655, 36 L. R. A. 535, and *Bessler* v. *Laughlin, supra,* approve the statement taken from 1 Sutherland, Damages (2d ed.), §16, that "the law is practical, and courts do not indulge refinements and subtleties as to causation if they tend to defeat the claims of natural justice. They rather adopt the practical rule that the efficient and predominating cause in producing a given effect or result, though subordinate and dependent causes may have operated, must be looked to in determining the rights and liabilities of the parties." In the case of *Bessler* v. *Laughlin, supra,* it was said: "Whether a defendant was called on to apprehend that any injury might result from his omission is a matter which ordinarily goes to the question of whether there was any negligence. But granting that the omission was negligent, that, without the intervention of any supervening cause, the wrong followed the injury in a natural sequence, and that the negligence and the injury were so correlated that morally the defendant's omission should be regarded as the efficient cause of the wrong complained of, it may, without hesitation, be affirmed that such omission should be regarded as a proximate cause of the injury."

Appellees seem to rely on the case of *Claypool* v. *Wigmore* (1904), 34 Ind. App. 35, as sustaining their contention in

this case.   It will be observed by a careful reading of that case that this court there recognized the doctrine announced in the line of decisions which we regard as controlling the rights of the parties to this appeal.   In that case the decision rests upon the facts exhibited by the answers to the interrogatories, from which it clearly appears that the only act of negligence, if it may be so claimed, chargeable to Claypool was that of leaving ajar the door to an elevator shaft.   The injured party could not have entered the shaft through the door without sliding it back, which was done by a person not connected with Claypool, or having anything to do with the running of the elevator.   The injury in that case could not have happened in the absence of the act of such third party.   In short, the facts in that case do not show negligence of Claypool of itself producing a dangerous condition of things, upon which the negligent act of a third person operated and which might reasonably have been anticipated to work the injury described.   In the case before us the negligence of appellees did produce a dangerous condition in the vicinity of which appellant was employed to work and, as said, it was not unreasonable to expect injury to occur to such employe by reason of the danger to which he was thus exposed. Whether, from having his hand drawn into the saw by a board, or from becoming unbalanced, or being accidentally struck by another employe while in the line of his work, or from surprise caused by a pinch, he accidentally or involuntarily struck the saw and was injured—the principle applies "that the first act is regarded as being continuous in its operation up to the time of the second, and therefore, for the purposes of fixing defendant's liability, the two acts are treated as contemporaneous." *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448.

Judgment reversed, with instructions to overrule appellees' demurrer to the complaint.