DYER *v.* NOLL.

[No. 15,999.  Filed May 9, 1938.]

*Earl S. Cummings,* for appellant.

*Charles Bedwell* and *James W. Sinclair,* for appellee.

BRIDWELL, J.—Appellant's automobile was damaged as a result of a collision between it and a colt owned by appellee, which was running at large on a highway over which appellant was traveling in his automobile, and this action was brought to recover for such property damage. Appellee filed a demurrer to appellant's amended complaint on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained, appellant excepted and refused to plead further, whereupon judgment was rendered in favor of appellee, "that plaintiff (appellant) take nothing by this action," and that defendant (appellee) recover costs. This appeal followed, appellant assigning as error the action of the court in sustaining the demurrer to his amended complaint.

Omitting its formal parts, the amended complaint is as follows:

"The plaintiff for his second amended complaint for damages . . . complains of the defendant . . . and for cause of action says, that for a long time prior to and on the 13th day of November, 1936, the defendant was the owner and the possessor of certain animals, to-wit: one horse and one colt.

"That while defendant so owned and possessed said animals, defendant did on the said 13th day of November, 1936, at the hour about 6 o'clock P. M., for the purpose of keeping said animals during the said nighttime wrongfully and negligently turned said animals loose and unattended out into a field adjacent to a much traveled public highway, to-wit: State highway 54, with no sufficient fence between said highway and the said field to prevent said animals from wandering over, upon and along said highway, all of which the defendant had notice. That by reason of defendant's aforesaid negligence one of said animals, to-wit: the colt, did

wander loose and unattended upon and along said highway 54, and was so wandering along and upon said highway 54 at the time of plaintiff's injury, damages and collision as hereinafter set out and described.

"Plaintiff further says that about the hour of 9:30 P. M. on the aforesaid day it was dark and foggy and at which time this plaintiff was lawfully and carefully driving his automobile, to-wit: a Plymouth coupe, model of 1934, along and upon said State highway 54 in Gill Township, within Sullivan County, Indiana, and at said time defendant's colt by reason of defendant's negligence as hereinbefore alleged was then and there standing loose and unattended nearby the main traveled portion of said highway 54 upon which main traveled portion this plaintiff was then driving as aforesaid; that said colt did then and there suddenly become frightened, confused and blinded by the lawful glare of the lights on plaintiff's automobile and by reason thereof said colt did run directly in front of plaintiff's automobile and did collide therewith, without any fault or negligence whatever on the part of this plaintiff.

"That by reason of the aforesaid collision as above described this plaintiff's automobile was wrecked and damaged in the following particulars, to-wit: (here follows a detailed description of the damages to the automobile).

"That immediately prior to said collision plaintiff's automobile was of the value of $435.00 and that immediately after the collision and by reason thereof said automobile was of the value of $200.

"That during the time said animal was so allowed to be in and upon said Highway 54, in said Gill Township, there was in existence no order of the board of commissioners of Sullivan County allowing colts to run at large or pasture upon the public commons or highways.

"Plaintiff says that the aforesaid collision, injury and damage did occur without any fault or negligence whatever on the part of plaintiff, but was caused by the negligence of the defendant as hereinabove described.

"That by reason of the premises plaintiff was and has been damaged in the sum of $235.00. That the scene of the collision herein described and set out

occurred on State Highway 54 near defendant's said home and premises in Gill Township, within Sullivan County, Indiana.

"Wherefore plaintiff asks judgment against said defendant in the sum of $235.00, costs of this suit and all other proper relief."

It is to be noted that the complaint avers that the accident occurred in Gill Township, Sullivan County, Indiana, upon a public highway; that the animal involved in the collision was standing "loose and unattended nearby the main traveled portion of said highway" upon which appellant was driving his automobile; that at the time there was no order of the board of commissioners of Sullivan County in existence allowing "colts" to run at large or pasture upon a public highway. It is also alleged that there was no fault or negligence on the part of appellant, and, in the absence of a motion to make more specific, this averment negatives contributory negligence, so as to make the complaint sufficient in this respect as against the demurrer for want of facts.

Under the common law it is the duty of the owner of domestic animals to confine them to his own premises, or keep them under control, else he will be liable for injurious acts committed by such animals, which would result as a natural consequence of their escape and which might be reasonably anticipated because thereof, on account of their natural propensities.

The common law relative to domestic animals running at large is in force in this state, except in instances where, pursuant to the provisions of §16-101 Burns' Ind. Stat. Anno. 1933, §3770 Baldwin's Ind. St. 1934, such animals are at large by reason of permission for them so to be, duly entered of record by the board of commissioners of a county, in accordance with the provisions of said section of our statutory law.

It does not necessarily follow, however, that the

owner of any such animal is responsible for all acts committed by it while away from the premises of the owner. If the natural propensities of the animal are . such that damages to person or property may be reasonably expected to follow its freedom from the control of its owner, then such owner is responsible for resulting damages which ensue because the animal has followed its natural propensities. If, however, as in the instant case, some act on the part of the animal is caused or brought about by an agency over which the owner had no control, and that which the animal did was not what its natural instincts or habits would cause it to do, or the act was one which its owner would not reasonably have anticipated on account of its natural disposition, then, under such circumstances, no liability of the owner to respond in damages results.

The negligence alleged in the complaint is that the defendant wrongfully and negligently turned the colt into a field adjacent to a much traveled public highway, said field not having a sufficient fence between it and said highway to prevent the colt from wandering over, along, and upon said highway; that the colt did wander loose and unattended along said highway. It is not averred that the defendant knew of its presence in the highway; that it was obstructing the highway; nor, that it escaped from the inclosure wherein it was placed because of an insufficient fence. Conceding that the facts pleaded are such that an inference to this effect should be drawn in aid of the complaint, yet there is an entire absence of any averment that the natural disposition of animals of this specie, or of this particular animal, was such as inclined them, or it, to become frightened, confused, and blinded by the glare of lights of automobiles, and to run in front of such motor vehicles. There is no averment that the colt was in any way obstructing the use of the highway,

or that it was upon the traveled portion thereof prior to its becoming frightened by the glare of light from the automobile being driven by appellant. The facts averred in the amended complaint affirmatively show that the proximate cause of the injury was due to causes over which appellee had no control, and not to any negligence on the part of appellee charged in the amended complaint. See *Klenberg* v. *Russell* (1890), 125 Ind. 531, 25 N. E. 596; *Anderson* v. *Nesbit* (1909), 43 Ind. App. 703, 88 N. E. 523; *Fox* v. *Koehnig* (1926), 190 Wis. 528, 209 N. W. 708.

There was no error in sustaining the demurrer to the amended complaint. Judgment affirmed.