## WEAVER v. NATIONAL BISCUIT CO.
### No. 7837.

Circuit Court of Appeals, Seventh Circuit.

Feb. 3, 1942.

Ralph B. Gregg, Sidney S. Miller, Harold H. Bredell, and Miller, Miller & Bredell, all of Indianapolis, Ind., for appellant.

Fae W. Patrick and Seth S. Ward, both of Indianapolis, Ind., and Pell & Pell, Wilbur F. Pell, and Wilbur F. Pell, Jr., all of Shelbyville, Ind., for appellee.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

But one question confronts us,—whether the District Court erred in overruling the motion for directed verdict made by defendant against whom judgment for $15,000 was rendered in a personal injury accident.

The first paragraph of the claim was not prosecuted. The second, based upon violation of an ordinance of the City of Indianapolis forbidding livestock at large, in view of our conclusion, it is not necessary to discuss. Paragraph 3 charged substantially that on the 16th day of August, 1916, two horses belonging to defendant were by their caretaker negligently permitted to escape from the closure about the barn where they were kept and to run down the sidewalk of Leota Street in a thickly populated section of Indianapolis and tread upon, kick and injure Ernest Weaver, a child of the age of four years, then playing upon the sidewalk, so that, as a result of such injuries, he has ever since been non compos mentis. The suit was prosecuted by his next friend.

The evidence in support of this paragraph is substantially as follows: Plaintiff, a child of four years, was playing on the sidewalk of Leota Street in a closely populated section of the city. Two horses, young, of good disposition but high spirited, belonging to defendant, came running down the sidewalk at full speed, without harness, bridle or halter, kicking up their heels as they ran. The child was standing on the walk and, as one of the horses jumped over him, he was hit by the animal's knee or foot and knocked down upon the sidewalk.

The horses were kept at a barn not far distant from the place of the accident and there taken care of by defendant's employee, who said at the time that "he was watering the horses and let them get out"; that they "ran away."

We think the applicable rule of law is that the owner of an animal who keeps it at a place adjoining the streets of a populous city owes a duty to the persons on the street to keep his animal under control and to take reasonable care to prevent it from doing damage to others and that, if he is remiss in performance of this duty and an accident occurs, he is liable for the resulting injuries. It is not necessary that an animal be vicious to make the owner responsible for injury done by it through the latter's negligence. If the most docile of horses is permitted to escape in a populated section of a city and run playfully down the sidewalk, where it does not belong and where children are expected to be found, the owner will be responsible. It is the negligent loosening of the animal in a place where injury may naturally occur, without any retention of restraint or control, that produces liability for resulting injuries.

Such consequences may well be anticipated because of the natural propensities of the animal. Thus in Dyer v. Noll, 105 Ind.App. 241, 14 N.E.2d 760, 761 the court says: "If the natural propensities of the animal are such that damages to person or property may be reasonably expected to follow its freedom from the control of its owner, then such owner is responsible for resulting damages which ensue because the animal has followed its natural propensities." This is only another way of saying that one owes the ordinary duty to take care that his animal is not put to such a use as is likely to injure his neighbor. Dean v. Davis, Law Reports 2 K.B. 282. The rule is well stated in Elliott, Roads and Streets (1890) 1st Ed., the author of which was a member of the Supreme Court of Indiana, where at page 628 it is said: "Turning a horse loose in the streets of a populous city is negligence and one who does so is liable for personal injuries caused by the horse, without allegation or proof that he knew that the horse was vicious." See also, Windeler v. Rush County Fair Ass'n, 27 Ind.App. 92, 59 N.E. 209, 60 N.E. 954; Eichel v. Senhenn, 2 Ind.App. 208, 28 N.E. 193; Meredith v. Reed, 26 Ind. 334; Gary v. Arnold, 175 Ill.App. 365; Drew v. Gross, 112 Ohio St. 485, 147 N.E. 757; Hardiman v. Whooley, 172 Mass. 411, 52 N.E. 518, 70 Am.St.Rep. 292; Healey v. P. Ballentine & Sons, 66 N.J.L. 339, 49 A. 511.

Defendant relies upon Klenberg v. Russell, 125 Ind. 531, 25 N.E. 596. But there the injured person sought recovery against another charged with knowingly possessing a vicious animal. Such was also the case of Gordon v. Kaufman, 44 Ind.App. 603, 89 N.E. 898. The present case comes

under an entirely different rule where viciousness of the animal is not material. Thus in Dickson v. McCoy, 39 N.Y. 400, the court distinguishes between liability arising from keeping vicious animals and liability for negligently permitting animals to be where they should not be and where it is to be expected they will follow their untrammelled natural propensities. And in Klenburg v. Russell, supra, the court apparently approved this doctrine in words to the effect that an owner of domestic animals is liable because of a negligent failure to keep them confined on his own premises for consequences which might be anticipated because of their habits. Here clearly the injury done by the animal was of that character which should reasonably have been anticipated under the proved circumstances. The injury was the proximate result of the escape of the animals. "All men know that a horse which has been stabled and well-fed will, when turned out, run and plunge, and become dangerous in the midst of people"; all horses are, when loose, more or less dangerous on sidewalks and streets and "all men know this." Goodman v. Gay, 15 Pa. 188, 53 Am.Dec. 589.

■ We are of the opinion that plaintiff's evidence tends to substantiate the charge of paragraph 3 of the claim and that the court rightfully overruled the motion for a directed verdict. The judgment is affirmed.