COREY *v.* SMITH; CASE.

[No. 29,123.   Filed June 29, 1954.]

*James W. Ingles,* of Indianapolis, for appellant.

*Hunter J. Von Leer,* of Terre Haute, for appellee.

EMMERT, J.—This appeal reaches this court by transfer from the Appellate Court for failure of four judges of that court to concur, pursuant to §4-209, Burns' 1946 Replacement. The appeal is from a judgment on a verdict for the appellee Agnes Smith in the sum of $3,000 for personal injuries received by her, caused by the collision of her husband's car with a Black Angus bull on State Road 42 and 46, approximately one-half mile east of the city limits of Terre Haute, the night of December 20, 1949. A directed verdict was returned for appellee Harvey Case.

The amended complaint charged in substance that appellant had rented from appellee Harvey Case, a Black Angus bull, hereafter referred to as Angus, for breeding purposes, and was under the control of appellant at the time of the collision; that the Angus was by said appellant "unlawfully, knowingly, carelessly and negligently allowed to run at large upon said highway in this State and to wander upon the said public land"; that about 5:40 P.M. on December 20, 1949, Agnes Smith, hereafter referred to as appellee, was riding with her husband, Frank Smith, in an automobile on Indiana State Highway Number 42 and 46, about one-half mile east of the city limits of Terre

Haute, traveling eastward on the south side thereof when Angus "while so running at large, suddenly and without warning darted and ran in front of and into and against the Smith automobile and then, there and thereby caused plaintiff to be thrown with great force and violence about the parts of said motor vehicle and injured, hurt and damaged her."

The evidence, when viewed most favorable to appellee, substantially proved the allegations of the amended complaint; that one, Max Ellis was driving about four car lengths ahead of appellee's automobile when he saw Angus in the middle of the highway, and barely missed hitting him, that in a second or so Ellis heard a car collide with Angus, and he stopped his car, and went back to the scene of the accident; that appellee and her husband had been shopping for Christmas in Terre Haute and were driving home at about 30 or 40 miles an hour on said State Highway Number 42 and 46, which was black top pavement about 20 feet wide with 8 foot shoulder, and was level and straight for some distance each way from the collision; that appellee was riding in the front seat of her husband's 1940 Chrysler Royal automobile. Angus was on the south side of the road between the center and the edge thereof, and came at the automobile, colliding therewith; that as soon as appellee's husband saw Angus, he applied the brakes, but Angus came at the car and collided therewith, thus causing the appellee to be thrown forward and sideways in the car, and causing injuries which will be permanent.

The force of the collision rendered the car *hors de combat,* with its fender and hood smashed, the radiator bursted and the steering knocked out of alignment, but Angus, marvelous to relate, sustained no visible injuries, and was stimulated in his energy and agility, for he ran across the road and then over a fence into

a field which was high in weeds, and escaped that night from two deputy sheriffs and four other persons attempting to corral him. The owner of the bull testified that Angus was young and weighed a little over 700 pounds and was "gentle as any dog or cat."

Section 1 of Ch. 5 of the 1949 Acts, which was in force at the time of the collision and suit, provides as follows:

> "It shall be unlawful for any person owning or harboring horses, mules, cattle, sheep, goats or swine to permit such horses, mules, cattle, sheep, goats or swine to run at large upon any highway of this state or to wander upon, feed upon or pasture upon the lands of another. Any person violating the provisions of this act shall on conviction be fined in any sum not exceeding twenty-five dollars and each day said horses, mules, cattle, sheep, goats or swine are permitted to run at large or permitted or allowed to feed upon or pasture upon the lands of another, shall be a separate offense."[1]

It is obvious the purpose of this statute is not only to protect persons and property off the highways, but also to protect persons on the highways, and their property. Violation of such a statute is negligence per se. *Penn Co.* v. *Fertig* (1904), 34 Ind. App. 459, 70 N. E. 834; *Rentschler* v. *Hall* (1946), 117 Ind. App. 255, 69 N. E. 2d 619; *Cook* v. *Ormsby* (1909), 45 Ind. App. 352, 89 N. E. 525; *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365; *Northern Indiana Transit, Inc.* v. *Burk* (1950), 228 Ind. 162, 89 N. E. 2d 905.

---

1. This act was specifically repealed by §903 of Ch. 80 of the 1951 Acts. However, the liability incurred under the statute remains in force for the purposes of enforcing the liability thereunder. Section 1-307, Burns' 1946 Replacement. Section 502 of Ch. 80 of the 1951 Acts, which prohibits a person responsible for a domestic animal to permit such animal to run at large is limited by the title to said Act.

We take judicial notice of our statutes. The complaint here alleged facts which were a breach of the duties put upon appellant by the statute. This was a sufficient allegation of negligent conduct. *Penn Co.* v. *Fertig* (1904), 34 Ind. App. 459, 70 N. E. 834, *supra;* 45 C. J. 1092; 65 C. J. S. 886, §187. The facts constituting the breach of the statute were specifically alleged and so certain that the nature of the charge was apparent. Therefore, appellant's motion to make the complaint more specific was properly overruled. *Cleveland etc. R. Co.* v. *Bowen* (1913), 179 Ind. 142, 100 N. E. 465. The complaint stated a statutory cause of action, and the demurrer for want of facts was properly overruled.

The evidence disclosed that Angus had escaped appellant's enclosure in the morning, that appellant sent a boy to catch Angus, but he ran and the boy was not able to return him, that appellant was advised that he was at large upon the highway, but from this time on paid no attention to the matter and remained at his store until after the collision, making no attempt to send a man to catch Angus and return him to his enclosure. The cause was tried on the theory that it was negligence, in view of the statute, for appellant to refuse and neglect to do anything about returning Angus after he was advised by the boy that he was not able to catch him.

It was not essential to appellee's cause of action for her to establish that Angus was vicious or had a propensity to attack automobiles. He could have been as gentle as a cat or dog, yet 700 pounds of black animal on a black top state highway constituted a menace in the nighttime to the traveling public. See *Galeppi Bros., Inc.* v. *Bartlett* (1941), 120 Fed. 2d 208; *Drew* v. *Gross* (1925), 112 Oh. St. 485, 147 N. E. 757; *Pflugfelder* v. *Convent of Good Shepherd*

(1936), 55 Oh. App. 158, 9 N. E. 2d 4; *Bender* v. *Welsh* (1942), 344 Pa. 392, 396, 25 A. 2d 182; *Wedel* v. *Johnson* (1936), 196 Minn. 170, 264 N. W. 689; *Kenney* v. *Antonetti* (1931), 211 Cal. 336, 295 Pac. 341; *Anderson* v. *I. M. Jameson Corp.* (1936), 7 Cal. 2d 60, 70, 59 P. 2d 962; 140 A. L. R. 742; 2 Am. Jur. 737; 3 C. J. S. 1252 §149 (a).[2]

*Klenberg* v. *Russell* (1890), 125 Ind. 531, 25 N. E. 596, and *Anderson* v. *Nesbitt* (1909), 43 Ind. App. 703, 88 N. E. 523, relied upon by appellant, are not ■ in point on the law and facts in this appeal. The case of *Dyer* v. *Noll* (1938), 105 Ind. App. 241, 14 N. E. 2d 760, insofar as in conflict with our opinion here, is overruled.

---

2. "The common-law rule was adopted when there was no elaborate system of highways and no motor vehicles. There was then no such reason for imposing on cattle owners a duty of using ordinary care in the care and control of cattle. Now, however, the changed conditions compel adoption of a different rule. There is no reason for exempting cattle owners from the same duty applicable to other people to use 'ordinary care or skill in the management of [their] property.'" *Galeppi Bros., Inc.* v. *Bartlett* (1941), 120 F. 2d 208, 210.

"With the growth of traffic, particularly automobile traffic, the situation is changed, but the duty to observe ordinary care remains the same. This duty in modern times requires that the owner of livestock exercise ordinary care not to let his livestock stray out onto a much-traveled highway, because under our modern traffic conditions he can reasonably anticipate that if the livestock stray onto such a highway they are apt to damage persons or property." *Drew* v. *Gross* (1925), 112 Oh. St. 485, 491, 147 N. E. 757.

"Under any but exceptional circumstances, the exercise of ordinary care will serve to keep unattended animals in their proper inclosures. In these days of rapid automobile transportation, the extreme hazard to drivers and passengers of animals straying unattended on the roads at night cannot be overestimated. The driver is placed in a well-nigh helpless position because of the tendency of an animal to spring out of the darkness in front of a car when blinded or hypnotized by its headlights. Against this contingency drivers should be protected by having our roads clear of such obstructions and every owner of livestock should make an earnest endeavor to so control their movements with due care that the lives of others may not be thereby endangered." *Kenney* v. *Antonetti* (1931), 211 Cal. 336, 340, 295 Pac. 341. Quoted with approval in *Bender* v. *Welsh* (1942), 344 Pa. 392, 396, 25 A. 2d 182.

Appellant objects to the court's instruction number 5 which quoted §1 of Ch. 5 of the 1949 Acts above set forth. The second sentence of the act, containing the penal provisions, should not have been read to the jury. However, this error was harmless, and it is quite apparent that the amount of the verdict is not excessive or at all influenced by the penal provisions of the act. *Inland Steel Co.* v. *Ilko* (1913), 181 Ind. 72, 103 N. E. 7; *Ward Bros. Co., Inc.* v. *Zimmerman, Admx.* (1929), 89 Ind. App. 353, 166 N. E. 545. We have examined the other instructions appellant complains of, and appellant's brief presents no error as to any.

Appellant admits his motion for change of venue was tardy, and there was no error in refusing it.

The motion for a new trial was properly overruled.

Judgment affirmed.

Flanagan, C. J., Gilkison, Bobbitt and Draper, JJ., concur.

NOTE.—Reported in 120 N. E. 2d 410.