COCA-COLA BOTTLING COMPANY OF SOUTHEAST
ARKANSAS *v.* SPURLIN.

4-5639                                    132 S. W. 2d 828

Opinion delivered November 6, 1939.

*Rowell, Rowell & Dickey* and *Gordon E. Young,* for appellant.

*F. D. Goza* and *Ed F. McDonald, Jr.,* for appellee.

Holt, J. Appellee, Ollen Spurlin, recovered judgment for $200 against appellant, in the Hot Spring circuit court, to compensate damages alleged to have been sustained by drinking a portion of a bottle of Coca-Cola, bottled by appellant, which contained particles of glass.

On August 14, 1937, appellee, with three other parties, stopped at Will Nabors' Filling Station and appellee drank part of a bottle of Coca-Cola which he had purchased from Nabors. When he took the first swallow he felt something rough go down his throat. He examined the bottle and found inside the bottle neck the glass had cracked and crumbled from some cause. He found no foreign substance in the bottle other than pieces of glass. He took only one swallow and part of another from the bottle, then ran to the door and spit out a piece of glass about as big as a black-eyed pea. The piece of glass was broken off the top and inside the bottle. The break started at the top of the bottle and went down inside. Appellee knew that he had swallowed a piece of glass and went immediately to see a doctor.

Dr. Norton testified that he treated appellee on August 14th and found little abrasions in his throat enough to bleed a little. He saw appellee afterwards every few days and visited him at his home on the 25th. He found him in bed and appellee had been vomiting, passing blood and complained of griping pains. On September 3rd appellee came to his office, still complaining of pain in his lower bowels, was pale and anemic looking. After treating him, advised him to go to bed, take some castor oil, and after a day or two he commenced vomiting again and passing blood.

Another witness on behalf of appellee testified that they did not find all of the pieces of glass that were broken off the bottle in question. Pieces of glass were found in the cap container where the cap from the bottle in question fell when it was removed by Nabors. He further testified that "quite a few slivers" of glass were missing from the bottle.

There is also evidence that the bottle was cracked on the inside of the neck and was not broken on the outside.

There was evidence on the part of appellant of a contradictory nature and to the effect that the most approved and scientific methods were used by the manufacturer in cleansing the bottle in question, filling it with Coca-Cola and in the handling thereof from the time of manufacture until it was delivered to the retailer, Nabors Filling Station.

On this appeal appellant earnestly insists (1) that the evidence is not sufficient to sustain a verdict against it; and (2) that the trial court erred in giving, over its objection, plaintiff's instruction No. 1.

We cannot agree with appellant that there is no testimony in this record of a substantial nature such as would support a verdict. We are of the view that the above testimony when given its strongest probative force in favor of appellee, is sufficient to take the case to the jury and to warrant a recovery of the $200 awarded in this case.

As this court said in *Coca-Cola Bottling Company* v. *Hill,* 192 Ark. 154, 90 S. W. 2d 210: ''We may therefore determine only whether there is any testimony of a substantial character to support the verdict, and we must in passing upon that question, in conformity with settled rules of practice, give to the testimony tending to support the verdict its highest probative value along with all inferences reasonably deducible from the testimony.''

Appellant next insists that the court erred in giving to the jury plaintiff's instruction No. 1, which is as follows: ''If you find from a preponderance of the evidence in this case that the said Ollen Spurlin drank the Coca-Cola as alleged, and if you find that he was free of any negligence in drinking said Coca-Cola as alleged, and if you find that there was glass or other foreign substance in said Coca-Cola, and that he became ill by reason of having drunk from said Coca-Cola, as alleged, then you are instructed that this evidence is sufficient to make a *prima facie* case of negligence against the defend-

ant company and shifts the burden of proof to the defendant to prove that it was not negligent as alleged."

Appellant's specific objections to this instruction are that it was a comment on the weight of the testimony by the court, it shifted the burden of proof to the defendant, and told the jury that a *prima facie* case against the defendant was established without a modification requiring the jury to find that the foreign substance alleged to be in the bottle was present "at the time it left the possession of the defendant."

We think it was not error to refuse the modification requested for the reason that with such modification, it imposed upon the plaintiff the burden of showing, not only that the glass was in the bottle, but that it was there when it left defendant's possession. The law does not impose this burden upon the plaintiff. Plaintiff's *prima facie* case is made when he shows the presence of the glass in the bottle at the time he drank it, and the burden is then upon the defendant to show that it was not there when the bottle left his possession. The testimony as to the practice and methods of defendant in cleansing the bottle, and in bottling the Coca-Cola, and other precautions taken by it, tends to show that the glass was not in the bottle when it left defendant's possession, however, the truth, and the sufficiency, of the testimony for that purpose is a question for the jury.

The court charged the jury in at least three different instructions, given at the request of the defendant, that it would not be liable if the glass got in the bottle after its delivery to the retailer and that the burden upon the whole case was upon the plaintiff. We think that this is as far as the court was required to go, and that the instruction complained of was not erroneous.

No errors appearing, the judgment is affirmed.