CODA-COLA BOTTLING COMPANY OF FORT SMITH *v.* HICKS.

4-8885                                    223 S. W. 2d 762

Opinion delivered October 17, 1949.

Rehearing denied November 14, 1949.

*Pryor, Pryor & Dobbs,* for appellant.

*Charles I. Evans,* for appellee.

ROBERT A. LEFLAR, J. While plaintiff (appellee), Mrs. Alta Hicks, was transferring several bottles of Coca-Cola, bottled by defendant, from the original case to an ice box in plaintiff's restaurant at Booneville, the upper part of her foot was severely cut by flying glass from one of the bottles. The evidence differed as to whether the bottle exploded while it was in plaintiff's hand, or was dropped by her on the floor and broke there, or was knocked out of her hand by contact with some other nearby article. Plaintiff's suit against defendant bottler was brought on the theory that the bottle

exploded in her hand because of defendant's negligence in improperly filling, charging, capping or otherwise preparing it. She offered no affirmative evidence, however, to establish such negligence in defendant, though she gave evidence to establish that she was herself not guilty of any contributory negligence, that no independent causes intervened to break the bottle, and that it exploded while she held it in her hand.

After the evidence was completed the defendant requested, and was denied, certain instructions the practical effect of which would have been to direct a verdict for defendant. Under other instructions, the jury returned a verdict for the plaintiff, with damages in the amount of $500, and judgment was entered accordingly. Defendant's appeal is based on the denial of its request for a directed verdict, plus the granting of one instruction for the plaintiff the net effect of which was to allow the case to go to the jury on the negligence issue. No serious argument is made that the award of damages was excessive.

The instructions under which the case was tried were almost entirely offered by the defendant, and were very carefully and accurately phrased so as to call attention to every evidential possibility under which the defendant would not be liable. The jury was told that for the plaintiff to recover she must prove that the defendant was guilty of negligence which was the proximate cause of the injury (Instructions Nos. 2, 6, and 14); that contributory negligence in the plaintiff would bar recovery (Nos. 3 and 5); that if the breaking of the bottle was caused by any act or fact not involving negligence in either plaintiff or defendant the plaintiff could not recover (Nos. 10 and 11); and that inability of the jury to determine from the evidence what caused the bottle to break must result in a verdict for the defendant (No. 12).

In the light of the instructions, the jury must be taken to have determined that the breaking of the bottle, and the resultant injury to plaintiff's foot, were proximately caused not by any negligent act of the plaintiff herself, nor by any non-negligent act of the plaintiff or

anybody else, nor by any unascertained fact or event, but rather by the negligence of the defendant in the course of filling, charging, capping or otherwise preparing the bottle. In reaching that conclusion the minds of the jurors must have gone through a process of reasoning to the effect that since the bottle did explode, and since none of the possible explanations just enumerated were acceptable to them, and since negligence in filling, charging, capping or otherwise preparing the bottle was a reasonable explanation of what had happened, the verdict should be arrived at in accordance with that reasonable explanation.

Counsel for both sides agree that this jury logic was permissible only if the rule of *res ipsa loquitur* is applicable to the facts of the case. We have concluded that it is applicable.

There are statements in the decisions of this State, and other states, that for *res ipsa loquitur* to apply it must be shown that the injury complained of was caused by an agency or instrumentality under the exclusive control and management, at the time of injury, of the one whose liability is asserted. *Southwestern Gas & Electric Co.* v. *Deshazo,* 199 Ark. 1078, 1088, 138 S. W. 2d 397, 402; *Missouri Pac. Rd. Co.* v. *Shores,* 209 Ark. 539, 191 S. W. 2d 580; *Thompson, Trustee* v. *Shores,* 209 Ark. 539, 545, 191 S. W. 2d 580, 583; *Slack* v. *Premier-Pabst Corp.,* 1 Terry (Del.) 97, 5 Atl. 2d 516. Arkansas has never applied this concept to bottles containing carbonated drinks, but some states have. *Stodder* v. *Coca-Cola Bottling Plants, Inc.,* 48 Atl. 2d 622.

Other states have held that when a plaintiff shows that an exploding bottle was handled with due care after it left the control of the defendant, and that the bottle had not been subject to extraneous harmful forces during that time, *res ipsa loquitur* applies. *Macon Coca-Cola Bottling Co.* v. *Crane,* 55 Ga. App. 573, 190 S. E. 879; *Piacun* v. *Louisiana Coca-Cola Bottling Co.,* 33 So. 2d 421 (La. App.); *Stolle* v. *Anheuser-Busch, Inc.,* 307 Mo. 520, 271 S. W. 497, 39 A. L. R. 1001; *Honea* v. *Coca-Cola Bottling Co.,* 143 Tex. 272, 183 S. W. 2d 968, 160 A.L.R.

1445; *Gordon* v. *Aztec Brewing Co.*, 33 Calif. 2d 514, 203 Pac. 2d 522. These cases hold that it is only necessary that the defendant have exclusive control of the factors which apparently have caused the injury, and that the instrumentality may have actually passed out of the possession of the defendant at the time of injury without foreclosing application of the rule. This is on the theory that a sound bottle of carbonated water, or other charged liquid prepared for human consumption, will not burst if carefully handled. If such a bottle containing liquid under pressure does explode, after careful handling, it is probable that the bottler charged it excessively, failed to discover a flaw in the bottle or cap, or was otherwise negligent in preparing it. See *Colyar* v. *Little Rock Bottling Works*, 114 Ark. 140, 169 S. W. 810.

This court, though it has not heretofore had occasion to apply the *res ipsa loquitur* rule to exploding bottled beverages, has applied substantially the same rule in other cases involving negligence of a defendant in preparing or supplying foodstuffs and beverages. Thus in *Drury* v. *Armour & Co.*, 140 Ark. 371, 216 S. W. 40, the plaintiff's wife had died as a result of eating sausages, allegedly poisonous, prepared by the defendant. The court did not apply the *res ipsa loquitur* rule as such to the facts, but said "Appellee's method of slaughtering animals and preparing and packing meat for distribution and sale were matters entirely within the knowledge of its own employees, and the circumstances proved in this case were at least sufficient to make a *prima facie* case and shift to appellee the burden of proving that there was no negligence in this respect." There are other cases, such as *Kroger Grocery & Baking Co.* v. *Melton*, 193 Ark. 494, 102 S. W. 2d 859, where the *prima facie* rule was not applied. These cases are properly distinguishable by the fact that in them the instrumentality causing the injury was not only not in the defendant's possession and control at the time of injury, but was actually susceptible to new and intervening causes which might have acted upon it after it left the defendant's possession, whereas in *Drury* v. *Armour & Co.* the sausage was protected by a covering until consumed, so that the exclu-

siveness of defendant's control over what caused the injury was actually not interfered with until the sausage was cooked and eaten. Similarly, there are numerous cases in which this Court has held that a plaintiff injured by drinking a foreign substance contained in a bottled beverage has a *prima facie* case of negligence against the bottler. *Coca-Cola Bottling Co.* v. *McBride,* 180 Ark. 193, 20 S. W. 2d 862, and *Coca-Cola Bottling Co. of Southeast Arkansas* v. *Spurlin,* 199 Ark. 126, 132 S. W. 2d 828, are typical decisions. In each of these cases the bottled beverage had passed out of the hands of the defendant bottler some time before it was opened and drunk by the injured plaintiff, but there had been no opportunity for any new negligence, intervening to contaminate the contents of the sealed bottle, until the bottle was opened just before the plaintiff drank from it. In other words, there was a practical continuation of the defendant's exclusive control over the contents of the bottle up to the time of the alleged injury.

In the words of Mr. Justice HOLMES, *res ipsa loquitur* is "merely a short way of saying that, so far as the court can see, the jury, from their experience as men of the world, may be warranted in thinking that an accident of this particular kind commonly does not happen except in consequence of negligence, and that therefore there is a presumption of fact, in the absence of explanation or other evidence which the jury believe, that it happened in consequence of negligence in this case." *Graham* v. *Badger,* 164 Mass. 42, 41 N. E. 61. This is the kind of inference that jurors commonly are allowed to make from circumstantial evidence, the only difference being that, when *res ipsa loquitur* applies, the circumstantial evidence from which the inference is drawn is the fact of the injury itself, plus the few obvious facts which surround the injury but do not clearly explain how it happened. See (1940) 8 Univ. of Ark. Law School Bulletin 43. The scope of this permissible inference must be carefully limited to exclude cases where the circumstances of the injury do not tend substantially to prove that negligence in the defendant, and in nobody else, caused the plaintiff's injury. To make certain that the

injury has not been caused by somebody else, through some intervening negligence, it is ordinarily required that the instrumentality causing injury have been in defendant's exclusive possession and control up to the time of the plaintiff's injury. That requirement appears to have been satisfied when the plaintiff shows, as in the instant case, that there was no opportunity for the content or character of the charged bottle to have been changed from the time it left defendant's hands until it exploded.

The Circuit Court's judgment for the plaintiff is affirmed.

The Chief Justice and Mr. Justice FRANK G. SMITH, dissent.