TAYLOR BROS., INC. *v.* ROSS H. SORK AND LAURA SORK.

[No. 1-875A148. Filed May 27, 1976. Rehearing denied July 1, 1976. Transfer denied September 9, 1976.]

*Vernon J. Petri, Richard W. Lorenz, John J. Fuhs,* of Spencer, for appellant.

*Hickam & Hickam,* of Spencer, for appellees.

LYBROOK, J.—Plaintiff-appellant Taylor Brothers, Inc. appeals from a negative judgment in its action to recover damages sustained in a collision between one of its vehicles and a Charolais heifer owned by defendants-appellees Sork.

The accident in question occurred at approximately 10:30 A.M. on April 13, 1970, on a State highway in Owen County. Plaintiff's employee was operating a dump truck on the highway at approximately fifty miles per hour when he observed two heifers emerge onto the roadway from a driveway leading to defendants' farm. As the driver applied the brakes and sounded the horn one of the heifers turned and re-entered the driveway. The remaining heifer continued to cross and was struck by plaintiff's truck near the center of the roadway. The truck left the highway and overturned thereby sustaining damage. The heifer died.

A gate providing access to the pasture in which the heifers had been confined was found open immediately following the collision. Defendant Ross H. Sork had left his farm the previous day to travel to Anderson, Indiana, and did not return until shortly after the accident. The gate was closed and fastened when Sork left for Anderson.

Trial was had to the court on the issue of whether defendants' heifers had been negligently confined. The court found against plaintiff on its claim and entered judgment in defendants' favor. Plaintiff presents the following issues for review in this appeal:

(1) Whether the doctrine of *res ipsa loquitur* is applicable to the facts in the case at bar and, if so, whether the court erred in failing to find defendants negligent through application of the doctrine.

(2) Whether the court erred in failing to refer in its findings to testimony that there was insufficient grass available in defendants' pasture for feeding and that cattle will attempt to get out when hungry.

(3) Whether the court's finding that "there was no evidence of damage to the gate, gatepost, nail or chain" was clearly erroneous.

(4) Whether the court's finding that two witnesses testified that they had successfully used the type of gate fastening here at issue was clearly erroneous.

(5) Whether the court's conclusion of law that "there was no conclusive proof that defendant[s] . . . knew, or in the exercise of due care should have known that the cattle would escape from their land" was erroneous in that it reflected application by the court of an improper standard of proof.

(6) Whether the court erred in refusing to admit certain opinion testimony offered by plaintiffs.

## I.

During final argument, plaintiff informed the court that it was relying on the doctrine of *res ipsa loquitur* to establish an inference of negligence on the part of defendants. In its motion to correct errors and on appeal plaintiff argues that the court erred in failing to find defendants negligent through application of the doctrine to the facts disclosed by the evidence.

A leading Indiana case discussing *res ipsa loquitur* is *New York, etc., Railroad Co.* v. *Henderson* (1957), 237 Ind. 456, 146 N.E.2d 531. Therein, our Supreme Court wrote:

"Negligence, as any other fact or condition, may be proved by circumstantial evidence, and it has been urged that there is nothing distinctive about the doctrine of *res ipsa loquitur*, since it involves merely the permissible drawing of an inference of negligence from certain surrounding facts. This no doubt is true except that the law permits the inference

of negligence to be drawn under certain sets of facts known as *res ipsa loquitur*. The basis or reasoning for this principle, in its origin at least, seemed to have been that the defendant had exclusive control over the injuring agency and the plaintiff normally had no access to any information about its control and operation. 3 Cooley on Torts (4th Ed.), Sec. 480, p. 369.

"Frequently it is said the doctrine is applicable and negligence may be inferred 'where the thing (injuring instrumentality) is shown to be under the management of the defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care.' *Scott* v. *London & St. Katherine Docks Co.* (1865), 3 H. & C. 596, p. 601; 159 Eng. Rep. 665, p. 667."

See also, *Merriman* v. *Kraft* (1969), 253 Ind. 58, 249 N.E.2d 485; *Baker* v. *Coca Cola Bottling Works* (1961), 132 Ind. App. 390, 177 N.E.2d 759; *Deming Hotel Company* v. *Prux* (1968), 142 Ind. App. 603, 236 N.E.2d 613.

Plaintiff submits that the elements of *res ipsa loquitur* were established as follows:

(1) Under Indiana law the owner of domestic animals owes a duty to the public, including motorists on public highways, to exercise due care to prevent such animals from harming property or persons.

(2) Defendants as owners of the cow had control and management over the injury producing instrumentality.

(3) Cattle which are properly confined ordinarily do not escape from their enclosures and the presence of cattle on the road was sufficient to permit an inference of negligence on the part of defendants whose duty it was to restrain the cattle.

(4) Defendants had exclusive control over the manner of construction and maintenance of the fastening device on the gate through which the cattle exited the pasture onto the road.

The question of whether the doctrine of *res ipsa loquitur* may be applied to supply an inference of negligence in instances where domestic animals escape from their enclosures appears to be one of first impression in Indiana. Other jurisdictions are divided on the ques-

tion. See, Speiser, Res Ipsa Loquitur § 9.2 (1972). In our opinion, the better view is represented by those jurisdictions deciding the question in the negative.

Representative of the decisions so holding is *Poole* v. *Gillison* (E.D. Ark. 1953), 15 F.R.D. 194, wherein the court wrote:

"In the final analysis the only basis upon which this case could be sent to the jury would be a holding that the doctrine of res ipsa loquitur is applicable. In order for said doctrine to apply it must appear that the instrumentality causing the injury was under the exclusive control and management of the defendant, and that the occurrence was such as in the ordinary course of events would not have happened if proper care had been used. Coco-Cola Bottling Co. of Ft. Smith v. Hicks, 215 Ark. 803, 223 S.W.2d 762; Southwestern Gas & Electric Co. v. DeShazo, 199 Ark. 1078, 138 S.W.2d 397; Ramsouer v. Midland Valley R.Co., supra. Now, a mule is not an inanimate object without any independent volition, but is a live animal possessed of a brain and an intelligence of its own; the mules in this case broke out of their enclosure in the night time of their own volition while Mr. Gillison was in bed. Under such circumstances we do not think it can be said that they were under his exclusive control and management at the time that they broke out of the lot to the extent necessary to invoke the res ipsa doctrine. Moreover, even if it be assumed that they were under his exclusive control and management while they were in the lot, it does not follow that they were so subject at the time of the collision, and, under Arkansas law, it is ordinarily required to invoke said doctrine that the exclusive control of the defendant shall have continued up to the time of the plaintiff's injury. Coca Cola Bottling Co. of Ft. Smith v. Hicks, supra, 215 Ark. 803, 808, 223 S.W.2d 762. But, entirely aside from the question of control, the escape of animals from a lot or other enclosure is not such a departure from the ordinary course of events as to raise any inference or presumption of negligence. We all know from common experience that animals quite often jump fences or break through them without there being any suggestion of negligence on the part of their owners or keepers; mules are strong animals with a reasonably high degree of intelligence and with very pronounced wills of their own, and they can display a considerable amount of sagacity and initiative in escaping from an enclosure which is not to their liking."

For the same reasons, we hold that the doctrine of *res ipsa loquitur* is inapplicable to the facts in the case at bar. Accordingly, plaintiff has failed to demonstrate error under its first issue.

## II.

Plaintiff argues that the court erred in failing to refer in its findings to certain testimony that there was insufficient grass for feeding in the pasture at the time in question.

The evidence concerning the sufficiency of the grass in the pasture for feeding was conflicting. The court therefore was not bound to find the grass insufficient and its finding that grass was available for feeding is not clearly erroneous.

## III.

Plaintiff next contends that the court's finding that "there was no evidence of damage to the gate, gate-post, nail or chain" was clearly erroneous due to undisputed evidence that there were scratch marks on the gate.

The following excerpt from defendant Sork's testimony is relied upon in support of plaintiff's contention:

"Question: Isn't it a fact that they also pushed and rubbed against this particular gate, the one in question?

Answer: No, you go out there. You can't find any hair on that gate there.

Question: Mr. Sork, isn't it a fact that this particular Exhibit 21 here actually shown on the screen shows the horn marks of these animals . . .?

Answer: Are you sure that isn't white paint showing through on the red?

Question: Just look at it. Are they horn marks?
Answer: Yes."

In our opinion, the foregoing testimony does not compel a conclusion that the finding is clearly erroneous. The court may not have considered the scratches or horn marks to be "damage" to the gate. Rather, the determination that there was no evidence of damage may have been based on the lack of

evidence that the gate, post, or fastening device were broken. Ambiguity in the court's use of the term "damage" should be resolved to sustain the finding.

## IV.

In its findings, the court stated that two witnesses testified they had successfully used the type of gate fastening used by defendant. Plaintiff argues that one of the witnesses referred to did not so testify.

Having examined the testimony of the witness in question, it appears that plaintiff's contention is correct. The witness did not testify that he had personally used the type of fastening device used by defendant. Rather, his testimony was that he had observed this type of fastening device in use in the Owen County farm community. Plaintiff, however, has failed to demonstrate that the court's error in this regard necessitates reversal. Its argument on this issue consists of a mere assertion of prejudice. Absent cogent argument and a clear demonstration of resulting prejudice, we are unable to conclude that reversible error has been demonstrated.

## V.

It is next argued that the conclusion of law that there was no *conclusive proof* that defendants knew or in the exercise of due care should have known that cattle would escape from their land reveals that the court applied an erroneous standard of proof. Plaintiff contends that to establish negligence it needed only prove the foregoing proposition by a preponderance of the evidence and that conclusive proof was not required. Prejudice is alleged to stem from the materiality of this finding to the issue of negligence.

The conclusion of law here in question tracks language found in our decision of *Leek* v. *Lumpkin* (1967), 141 Ind. App. 153, 226 N.E.2d 913. We cannot approve of that language to the extent it may be interpreted as requiring a degree of proof at trial greater than that of a preponderance

of the evidence. Accordingly, if the trial court interpreted that language as imposing a greater degree of proof, error resulted. We are of the opinion, however, that any error thereby occasioned must be deemed harmless. The court in its conclusions of law also made the following determination:

> "That the plaintiff has failed to establish *by a preponderance of the evidence* that the defendants were negligent in the choice of the field in which the cattle were placed and *that the defendants could have reasonably foreseen that the animal struck by the plaintiff's truck would escape the enclosure in which it had been left by the defendant; . . ."* (Emphasis supplied).

Accordingly, reversible error has not been demonstrated under this issue.

## VI.

Finally, plaintiff argues that the trial court erred in refusing to admit the opinion of an expert witness concerning the causal connection between the manner in which the gate was fastened and the likelihood of the heifers escaping due to such manner of fastening.

Any error in the court's ruling sustaining the objection to the offered opinion testimony must be deemed harmless. Examination of the offer to prove and the balance of the expert's testimony reveals that the excluded opinion was subsequently solicited and admitted without objection during cross-examination.

Plaintiff having failed to demonstrate reversible error, the judgment of the trial court should be and is hereby affirmed.

Roberston, C.J. and Lowdermilk, J. concur.

Note.—Reported at 348 N.E.2d 42.