**Thomas B. EISMAN and Susan Eisman, Appellants (Plaintiffs Below),**

v.

**Russell MURDOCK, Appellee (Defendant Below).**

**No. 80A02–8803–CV–113.**

Court of Appeals of Indiana, Second District.

Aug. 17, 1989.

Bruce A. Boje, Richards, Adams, Boje & Pickering, Noblesville, for appellants.

Robert D. Maas, Rebecca J. Wehling, Jennings, Maas & Stickney, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Thomas J. and Susan Eisman appeal an adverse grant of summary judgment in their negligence action against Russell Murdock.

We affirm.

On January 25, 1986, a vehicle driven by Thomas Eisman collided with a horse on State Road 37 in Hamilton County. Eisman suffered injuries to his hand. The horse, owned by Russell Murdock, had been kept in a nine acre field enclosed by a four-foot woven wire fence with a barb on top. The double gates to the field were secured by two chains tied together with snap locks. These snap locks could not be opened by an animal. The Murdock family had been out of town for most of the day, and discovered that the horse had escaped only after the collision occurred. The colli-

sion occurred within an hour after the Murdocks arrived home. The horse had apparently escaped through the gate, but there is no evidence who opened the gate. The Eismans sued Murdock for the injuries Thomas sustained in the collision; the trial court granted Murdock's motion for summary judgment.

In reviewing a grant of summary judgment, we apply the same standards as those applicable to the trial court. Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. The movant bears the burden of establishing the propriety of summary judgment. Disputed facts and conflicting inferences are resolved in favor of the non-movant. *Jackson v. Warrum* (1989), Ind.App., 535 N.E.2d 1207, 1210.

■ Indiana common law places a duty on an owner of domestic animals to keep them confined. *Weaver v. Tucker* (1984), Ind.App., 461 N.E.2d 1159, 1161. Therefore, the owner of a domestic animal is liable if he is negligent in the manner in which he confined his animal and could reasonably foresee the animal was likely to escape. *Id.* In addition, various statutes throughout the years have imposed a duty upon animal owners, a violation of which, without excuse or justification, is negligence *per se*. *Corey v. Smith* (1954), 233 Ind. 452, 120 N.E.2d 410. The statute in effect at the time of the subject incident places responsibility upon an individual who "knowingly or intentionally permits the animal to run at large...." IC 15–2.1–21–8 (1985 Supp.) (amended effective Mar. 3, 1986).[1]

■ The uncontradicted evidence is that Murdock's horse was confined in a field behind a four-feet woven wire, barbed-top, fence, "the best you can buy...." Murdock Deposition at 10. The double gates were secured by two chains held together with snap locks that could

---

1. "A person responsible for livestock or poultry that has an infectious disease who knowingly or intentionally permits the animal to run at large commits a class B misdemeanor." IC 15–2.1–21–8 (1985 Supp.). The statute was amended shortly after the subject incident to omit the qualifying phrase "that has an infectious disease." 1986 Ind. Acts, P.L. 123–1986, sec. 4.

not be opened by an animal. Murdock had never had trouble with persons coming onto his property and bothering his livestock. He knew of no one who would be coming by that day to either see or ride the horse. The horse had never before escaped from the enclosed field. Murdock did not know the horse was out of its enclosure until after the accident.

The trial court correctly determined that, as a matter of law, Murdock was not negligent in the manner in which he confined the horse and could not reasonably foresee it was likely to escape. Further, the trial court correctly determined that, as a matter of law, Murdock did not violate the statute, *i.e.*, he did not knowingly or intentionally permit the horse to run at large. Murdock did not know the horse was out of its enclosure until after the collision.

Judgment affirmed.

BUCHANAN and SULLIVAN, JJ., concur.