**T.M. DOYLE TEAMING CO., INC., Plaintiffs,**

v.

**Allen L. FREELS, Defendant.**

**No. 88 C 10960.**

United States District Court, N.D. Illinois, E.D.

March 16, 1990.

---

R.W. Schumacher, Williams & Montgomery, Ltd., Chicago, Ill., for plaintiffs.

Elliot R. Schiff, Ellen L. Spahr, O'Connor, Schiff & Myers, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, Allen L. Freels ("Freels") for summary judgment, pursuant to Fed.R.Civ.P. 56, on the complaint of plaintiff, T.M. Doyle Teaming Co., Inc. ("Doyle"). For the following reasons, the motion is denied.[1]

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*[2]

## FACTS

The court adopts the following as the undisputed material facts. Freels owns a farm in Albion, Indiana, on which he raises beef cattle. On July 25, 1987, a neighboring farmer, Dave Griffiths, loaned a bull to

---

1. Doyle has also moved to strike certain portions of depositions upon which Freels relied in his Statement of Material Facts in support of his motion for summary judgement. Doyle contends that the challenged assertions are either hearsay, or rendered as expert opinion by persons unqualified to render an expert opinion. That motion is also denied.

2. The court notes that both parties have also complied with Local Rule 12.

Freels, which Freels intended to breed with his cattle. Freels put the bull in his pasture, with his cows. The pasture was enclosed by "four square" wire fencing with posts spaced sixteen feet apart, with an electric barb on top.

The next day, however, the bull went underneath the fence, which enclosed the pasture, and into an adjacent hayfield. Freels Dep. at 18–19. The hayfield was enclosed by the same type of "four square" wire fence as the pasture. Freels Dep. at 22. Freels' response to the bull's escape into the hayfield was to tell his wife to open the gate between the hayfield and the pasture, in hopes that the bull would return to the cows. Freels Dep. at 19–20. Instead, on the afternoon of July 26, the bull escaped from the hayfield, and roamed at large. Freels Dep. at 22–23. Only on the day after the bull's escape, did Freels, his wife, and Griffiths begin to search for and attempt to capture the bull. Freels' wife also alerted the Sheriff's department that the bull was loose. Freels Dep. at 37–38.

On the evening of July 27, the night patrolman of Chain–O–Lakes State Park, Wayne Collinsworth, was able to enclose the bull in the park's compound area. The compound area was enclosed by a seven to eight foot high chain link fence, with barbed wire at the top. Collinsworth padlocked the gate, and posted a sign on it which read "Do not open. Bull inside." Collinsworth Affidavit, ¶ 3–4. The bull somehow escaped from this compound area, and again became "at large."

On July 29, 1987, a semi-tractor-trailer, driven by Doyle's employee, Arthur C. Winston, on State Road 9 near the intersection of County Road 200 South in Noble County, Indiana, collided with the bull. As a result of this collision, Winston was killed, and Doyle's vehicle was completely destroyed.

### DISCUSSION

Doyle complains that, because Freels was in possession of the bull at the time it escaped, Freels owed Doyle a duty to maintain the bull in the confines of his property and to prevent and restrain the bull from entering onto the highway. Doyle further contends that as a direct and proximate result of Freels' failure to prevent the bull from entering the highway, the bull did enter the highway and cause the collision between the semi-trailer and the bull.

Freels admits that he had a duty of reasonable care to maintain the bull in the confines of his property and to take reasonable measures to capture the bull if it should escape. Freels, however, contends that he did not breach this duty of reasonable care and that any damages sustained by Doyle were the fault of the State of Indiana, through its agents, the employees of the Chain–O–Lakes State Park, who captured the bull, but subsequently allowed the animal to escape from the park's confines. It is therefore Freels' claim that the actions of the state were a superceding, intervening cause which bars Doyle's claim against Freels. Finally, Freels contends that the collision was the proximate result of fault on the part of Winston, the driver of the truck. He asserts that such fault prevents Doyle from recovering any damages from Freels.

### THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER FREELS EXERCISED REASONABLE CARE IN CONTROLLING THE BULL

■ Indiana law governs in this diversity case, as the acts or omissions giving rise to this tort action occurred in Indiana. *R & L Grain Co. v. Chicago Eastern Corp.*, 531 F.Supp. 201, 204 (N.D.Ill.1981); *DP Service, Inc. v. AM International*, 508 F.Supp. 162, 165 (N.D.Ill.1981).

It is well established under Indiana case law that an owner or keeper of cattle has a duty of reasonable care for containing and controlling his livestock to prevent danger to the motoring public. *Eisman v. Murdock*, 542 N.E.2d 236, 237 (Ind.App. 2nd Dist.1989); *Thompson v. Lee*, 402 N.E.2d 1309, 1313 (Ind.App. 1st Dist.1980).

In *Leek et al. v. Lumpkin*, 141 Ind.App. 153, 226 N.E.2d 913 (1967), the Indiana Appellate court set forth the burden which is placed upon the plaintiff to show a

breach of duty on the part of a keeper of livestock.

    1. The Plaintiff [is] required to establish that the Defendant was negligent in his choice of the field in which he placed the animal and could reasonably foresee that the animal would escape therefrom; or,

    2. He must have had knowledge that the animal was on the public highway and in violation of the statute, permitted the animal to remain at large.

226 N.E.2d at 914. No liability was found in *Leek* due to the absence of any evidence that the defendant bull owner "pastured the bull in a field which he knew or should have known was enclosed by poor fencing." *Id.* 226 N.E.2d at 914. The standard set forth in *Leek,* was reaffirmed in *Weaver v. Tucker,* 461 N.E.2d 1159 (Ind.App. 3rd Dist.1984). In *Weaver,* the court found no liability for negligence on the part of a dog owner, when the dog escaped from a fenced-in area for the first time, and the owner had no knowledge of the escape.

■ There is evidence, contained in Freels' own deposition, to support Doyle's claim that Freels was negligent in his choice of the field in which he confined the bull. While Freels argues that he could not have reasonably foreseen that the bull would escape, he ignores the fact that the bull had escaped twice on the day that it ran away from Freels' farm. When the bull first escaped from the cow pasture, Freels was put on notice, and should have reasonably foreseen, that the bull could escape from the adjacent hayfield, which was enclosed by the same type of "four-square" fence as was the cow pasture. Freels Dep. at 22.

When Freels learned of the bull's escape from the cow pasture, he did nothing but simply tell his wife to open the gate between the pasture and the hayfield, hoping the bull would return. Freels Dep. at 19–

20. Shortly thereafter, the bull escaped from the hayfield. Given the bull's propensity to escape, its escape from the hayfield was foreseeable. Had Freels taken more aggressive action, the second escape might have been prevented.

Freels further argues that in the opinion of Harley Mantle, an expert witness on bulls, the action which Freels took upon the first escape was proper, because it was reasonable to believe that a bull would return to a herd of cattle in heat. The undisputed facts, however, still support a finding of a genuine issue as to Freels' breach of duty.[3]

### THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE CONDUCT OF THE STATE OF INDIANA WAS A SUPERCEDING INTERVENING CAUSE OF THE ACCIDENT

Freels has asserted that despite any negligence which he may have committed, this negligence is absolved by the intervening conduct of the State of Indiana. The evidence in this case, however, is not such that a reasonable person could reach only one conclusion as to the proximate cause of the accident.

An indispensable element of an action for negligence is that the act complained of must be the proximate cause of the accident producing the injury. *See, e.g., Havert v. Caldwell,* 452 N.E.2d 154 (Ind.1983); *Palace Bar, Inc. v. Fearnot,* 269 Ind. 405, 381 N.E.2d 858 (1978); *Hartman v. Memorial Hospital of South Bend,* 177 Ind.App. 530, 380 N.E.2d 583 (1978).

■ The Supreme Court of Indiana, in *Havert v. Caldwell,* 452 N.E.2d 154 (Ind. 1983), has clearly set forth the standard to be used to determine proximate cause:

    A negligent act or omission is the proximate cause of an injury if the injury is a

---

**3.** However unreasonable it may be to believe that a bull will leave a herd of cattle in heat becomes a lot more reasonable after the bull has already demonstrated its tendency to deviate from "expected" bull behavior. The fence between the pasture and the adjacent hayfield may have differed in some respects from the fence on Freels' property line. However, the record is not specific enough to support a conclusion as to the extent that any difference in the fencing affected the impact of the bull going under the first fence had on the foreseeability of it going under the second fence.

natural and probable consequence which in light of the circumstances should reasonably have been foreseen or anticipated.... An intervening cause, with respect to the doctrine of proximate cause, means not a concurrent and contributing cause, but a superceding cause, which is itself the natural and logical cause of the harm or the immediate and direct cause of the injury; and where the cause of injury or death is the negligent act of an independent responsible intervening agency, such act must be regarded as the proximate cause thereof, and the original negligence considered as only the remote cause ... where there is an independent responsible agency intervening between the defendant's negligence and the injury, the question whether the original negligence is the proximate cause of the injury is to be determined by whether the agency might have been reasonably expected under the circumstances to intervene in such a way as to be likely to produce an injury similar to the one actually caused.

*Id.* at 158. The applicable rule in this case is, therefore, that an intervening agency is not the sole proximate cause of an injury, where the circumstances surrounding the intervention were such as could reasonably have been expected to occur in the ordinary course of events, as indicated by common experience. *Northern Indiana Transit, Inc. v. Burk,* 228 Ind. 162, 89 N.E.2d 905 (1950); *Brown v. American Steel and Wire Co.,* 43 Ind.App. 560, 88 N.E. 80 (1909).

■ Had the park rangers not intervened at all, Freels may reasonably have foreseen that the harm resulting from the bull's escape from his farm would be the type of harm which occurred in this case. It was not unlikely, given the large size of a bull, an animal with a propensity to roam, and the relative closeness of Freels' farm to the highway, that the bull might venture into the road, and cause a severe accident with a motor vehicle.

The facts of this case indicate that a park ranger saw the escaped bull in Chain–O–Lakes State Park, and captured it. Unfor-

tunately, the bull escaped from the park's confines. Freels argues that by capturing and allowing the bull to escape, that the state of Indiana became the superceding, intervening cause of the accident. Based upon the doctrine of proximate cause, however, a jury may reasonably find that the actions of the park rangers were not a superceding, intervening cause of the accident, and thereby do not absolve Freels of any negligence which he may be found to have committed.

Freels' negligence, if any, will not be absolved by the actions of the state, if a jury finds that: 1) The state might reasonably have been expected to intervene in the manner in which it did; 2) It was reasonable to expect that the bull would escape from a confine into which the state may have placed it; 3) It was likely that if the bull escaped from the park confines that the harm caused would be similar to the harm which actually occurred in this case. *See Havert v. Caldwell,* 452 N.E.2d 154 (Ind.1983).

First, a jury may find that it was reasonable for Freels to believe that the park rangers in the Chain–O–Lakes State Park would be on the lookout for, and may attempt to capture, the escaped bull if given the opportunity. Although the rangers had no duty to capture the bull, they were alerted of its escape, and were aware of its presence in the area of the park.

Second, based upon the facts, a jury may also find that it was foreseeable that if the bull were captured by a park ranger, the bull might escape from the confines into which it would be placed. There is no evidence that park rangers generally undertake to capture and confine bulls. Furthermore, there is no evidence that the state park has any facilities which are reasonably designed to hold bulls. The rangers placed the bull in a compound which apparently was not specifically designed to hold livestock of any kind. Since the bull had previously escaped from a pasture which was specifically designed to hold cattle, it was not unlikely that it would escape from a compound which apparently was not designed for this specific purpose.

Finally, a jury may also find that it was reasonably foreseeable that the type of harm caused by the bull after an escape from the state park, would be similar to the harm which actually occurred in this case. In fact, the harm caused was exactly the type of harm which was foreseeable at the time of the bull's escape from Freels' farm.

### THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER ANY NEGLIGENT CONDUCT ON THE PART OF FREELS IS OUTWEIGHED BY NEGLIGENT CONDUCT ON THE PART OF THE TRUCK DRIVER

Freels further argues that any negligent conduct on his part is outweighed by the alleged negligent conduct of the truck driver in this case. He maintains that because the truck driver was more than fifty percent at fault, that a judgment should be entered for Freels under Indiana's comparative fault law. The facts of this case, however, do not present a situation which is so plain that reasonable persons could not draw different conclusions as to the issues of negligence. Freels' argument therefore, is without merit, because the truck driver's negligence, if any, is to be weighed by the finder of fact, not by the court. *New York, C. & St. L.R. Co. v. Boulden*, 63 F.2d 917 (7th Cir.1933).

### CONCLUSION

Freels' motion for summary judgement on Doyle's complaint is denied.

IT IS SO ORDERED.