**Michael S. COCHRAN, Appellant–Plaintiff,**

v.

**Jeffrey J. PHILLIPS, Appellee–Defendant.**

**No. 27A04–9012–CV–595.**

Court of Appeals of Indiana, Fourth District.

June 20, 1991.

Opinion on Denial of Rehearing Aug. 27, 1991.

Jon R. Pactor, Indianapolis, for appellant-plaintiff.

James J. Shea, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellee-defendant.

CONOVER, Judge.

Plaintiff–Appellant Michael S. Cochran appeals the grant of summary judgment in favor of Defendant–Appellee Jeffrey J. Phillips.

We affirm.

Cochran presents the following restated issue for our review:

> whether the trial court erred in finding no genuine issue of material fact existed to preclude the grant of summary judgment.

On May 22, 1987, Cochran was riding his motorcycle along College Avenue in Muncie when a doberman pinscher ran into the street and collided with his vehicle. The collision caused the motorcycle to flip onto its side and slide forward. The motorcycle was damaged, and Cochran suffered a broken left leg which required open reduction treatment, a bone graft, and the insertion of a pin. Cochran also sustained scrapes, cuts, and bruises to his left arm and elbow.

Cochran filed suit for damages against Phillips. He alleged his injuries resulted from Phillips' negligence in permitting the dog to run into the street. Phillips filed a motion for summary judgment in which he stated there was no genuine issue of material fact. The motion also stated Phillips was entitled to judgment as a matter of law.

Attached to the motion was an affidavit by Phillips in which he acknowledged ownership of the dog. He also stated that before leaving the house on May 22, 1987, he locked the dog in the basement. He further stated the basement had a secure lock, the dog had never escaped from the basement before, and escape could only be accomplished if someone unlocked and opened the basement door.

In opposition to the summary judgment motion, Cochran filed the affidavit of Phillips' neighbor, Martha A. Harris. In her affidavit, Harris stated the dog often ran out of the house, usually in the company of Phillips or his roommates. She further stated that on various occasions the dog had run into the street to get to automobiles owned by either Phillips or his roommates.

The trial court granted summary judgment in favor of Phillips. In so doing, the

court found Phillips was not negligent in the confinement of the dog, and Phillips had no knowledge the dog was out of the basement on the date of the accident.

■ Our standard of review in deciding summary judgment cases is well settled. When reviewing the grant of a motion for summary judgment we stand in the shoes of the trial court. *Fort Wayne Community Schools v. Fort Wayne Education Association, Inc.* (1986), Ind.App., 490 N.E.2d 337, 339. When a motion for summary judgment is granted, the non-moving party is denied his day in court; therefore, the trial court's decision must be carefully scrutinized on appeal. *Progressive Construction v. Ind. & Mich. Electric* (1989), Ind.App., 533 N.E.2d 1279, 1282. Accordingly, we liberally construe all evidence in favor of the nonmovant and resolve any doubt as to the existence of a genuine issue against the movant. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, 729, *reh. denied, trans. denied.* If the movant makes a prima facie showing for entry of summary judgment, then the nonmovant may not rest on the allegations or denials of his pleadings but must respond with affidavits, or other evidence, setting forth specific facts showing there is a genuine issue in dispute. *Willsey v. Peoples Federal Savings and Loan Association of Chicago* (1988), Ind.App., 529 N.E.2d 1199, 1204, *trans. denied.*

■ Indiana common law places a duty upon the owner of an animal to confine it. *Eisman v. Murdock* (1989), Ind. App., 542 N.E.2d 236, 237; *Weaver v. Tucker* (1984), Ind.App., 461 N.E.2d 1159, 1161. However, escape by the animal is not negligence per se on the part of the owner. *Weaver, supra.* The injured party must establish one of two propositions in order to prevail:

1. The animal owner was negligent in his choice of the method of confinement, and could reasonably foresee the animal would escape; or,

2. The owner had knowledge that the animal had escaped confinement, and in violation of the IC 15–2.1–21–8, the owner permitted the animal to remain at large.

*See, Weaver,* at 1161, 1162 (citing *Leek v. Lumpkin* (1967), 141 Ind.App. 153, 226 N.E.2d 913). Stated differently, the injured party will prevail if he shows the animal owner placed the animal in confinement which the owner knew or should have known would be ineffective, or if he shows the owner knew of the escape and took no reasonable steps to bring the animal back to confinement.

■ Accordingly, the material facts in this case are the ones bearing on the reasonableness of the method of confinement chosen, or facts establishing Phillips' knowledge or lack of knowledge of the dog's escape. Phillips' affidavit showed he locked the dog in a secure basement from which the dog had never before escaped. He also established he did not know of the dog's escape on the day of the accident. Cochran's response did not put either showing at issue factually.

Under *Eisman* and *Weaver* it was incumbent upon Cochran to establish the existence of a factual issue concerning the security of the basement, or concerning Phillips' knowledge and reaction to the escape. Cochran's sole evidentiary submission was Harris' affidavit establishing only that the dog had on occasion run loose while in the company of Phillips or one of his roommates. From this, and from Phillips' admission that his front door had an unreliable lock, Cochran asks us to infer Phillips "knew" one of his roommates would let the dog out of the basement, it would run into the street, and he negligently confined the dog in the basement anyway.

We must look at the evidence and all *reasonable* inferences which can be drawn therefrom in the light most favorable to the nonmovant (Cochran). *C & C Oil Co., Inc. v. Indiana Dept. of State Revenue,* 570 N.E.2d 1376, 1379–80 (Tax Ct. 1991), (citing *Cromer v. City of Indianapolis* (1989), Ind.App., 540 N.E.2d 663, 666). Absent a showing that Phillips' method of confinement of the dog was negligent, or a showing that Phillips had knowledge his friends would release the dog on this occasion, no dispute of material fact exists. Neither such showing was made here. Thus, the arguments derived from Harris'

affidavit are no more than the "suppositional musings" rejected in *C & C Oil*.

Affirmed.[1]

CHEZEM and GARRARD, JJ., concur.

## ON PETITION FOR REHEARING

CONOVER, J.

Cochran now petitions for rehearing contending this court erred in its treatment of IND.CODE 15–5–9–13. Additionally, he contends this court should have found an inference of negligence was established by the doctrine of *res ipsa loquitur*. We disagree with both contentions, and address the second contention below.

In *Taylor Brothers v. Sork* (1976), 169 Ind.App. 279, 348 N.E.2d 42, this court made a clear pronouncement concerning the application of *res ipsa loquitur* in animal cases. In *Taylor*, we quoted with approval from *Poole v. Gillison* (E.D.Ark. 1953), 15 F.R.D. 194:

> ... the escape of animals from a lot or other enclosure is not such a departure from the ordinary course of events as to raise any inference or presumption of negligence. We all know from common experience that animals quite often jump fences or break through them without there being any suggestion of negligence on the part of their owners or keepers....

348 N.E.2d, at 46.

The present case concerns the escape of an animal from an enclosure. There is no reason why *Taylor Brothers* should not apply. Accordingly, the doctrine of *res ipso loquitur* is inapplicable.

---

1. There was much discussion in the briefs regarding the trial court's interpretation of IC 15–5–9–13 to require that the animal owner know of the escape. As we stated above, the theory of negligence regarding confinement of animals has been developed by our case law. Even so, in most cases, IC 15–2.1–21–8, a statute which classifies the act of recklessly permitting an animal to "run at large" as a Class B misdemeanor, was cited as "further support" that a duty existed. In this case, IC 15–5–9–13, which classifies the act of allowing a dog to stray beyond the owner's premises as a Class C infraction, was cited by Cochran as "additional support" that a duty to confine exists.

It appears that IC 15–5–9–13, the statute cited in this case, tracks the theory behind the first of

---

Cochran's other issue was adequately addressed in our earlier opinion.

Rehearing denied.

CHEZEM and GARRARD, JJ., concur.

the two independent propositions stated in *Weaver, supra,* while IC 15–2.1–21–8 is the basis for the second proposition. Accordingly, the State would have to prove knowledge of the escape to prove the commitment of a misdemeanor under the latter statute, but would not have to prove knowledge of escape to prove the commitment of an infraction under the former statute. Thus, the trial court was incorrect in placing the "knowledge of escape" requirement on IC 15–5–9–13. Nevertheless, the trial court's error is of no moment here because the burden remains on the plaintiff to establish one of the two propositions developed by our common law. Cochran has failed to establish either.